RICHARD F. PARK *vs.* SAMUEL T. JOHNSON.

A bill in equity may be maintained to enforce the specific performance of a written contract for the conveyance of land, although the entire consideration is not named therein, if the plaintiff is willing and ready to pay the whole consideration orally agreed upon by the parties, and he has been guilty of no misconduct. And the bill in such case need not set forth that part of the consideration which was omitted in the written contract.

If the defendant in a suit in equity for the specific performance of a contract sets up in defence that the contract was obtained from him by misrepresentation, the burden of proof is on him to establish it.

A decree for specific performance of a written contract for an exchange of lands will not be refused on account of the inferior value of the land which the plaintiff agreed to convey to the defendant, where the parties have fixed their own estimate of the value of the respective lands, and there has been no fraud, and the difference in value does not appear to have been unconscionable.

Specific performance of an agreement by a married man to convey land with release of dower and homestead may be enforced, so far as he personally can execute the same, and compensation in damages decreed if his wife refuses to release dower and homestead.

BILL IN EQUITY to enforce specific performance of the following contract: " Agreement made this 27th day of October A. D. 1860, by and between Richard F. Park, of Chelsea, and Samuel T. Johnson, of Charlestown, both in Massachusetts, witnesseth, That the said Park agrees to sell to said Johnson, for the consideration hereinafter mentioned, two houses on Second Street in said Chelsea [here followed a description of the land] ; also a house and land on Poplar Street in said Chelsea [here followed a description of the land] ; and the said Park

agrees to make, execute, acknowledge and deliver the deeds necessary to convey said estates, with release of dower and homestead; and the said Johnson agrees to buy the said houses, and pay him therefor as follows; by making, executing and delivering and acknowledging to said Park the necessary deeds for conveying to said Park, with release of dower and homestead, the old Deacon Travers farm in West Natick." The bill alleged that the defendant refused to perform the agreement though requested, and though the plaintiff tendered to him good and sufficient deeds of the estates in Chelsea, and a form of deed of the estate in West Natick for him to execute.

The defendant in his answer averred that the written contract did not contain the whole agreement between the parties, but that in addition to the consideration therein expressed the plaintiff was to deliver to him a gold watch and chain, of the value of $100; that the plaintiff made to him certain misrepresentations as to the condition and value of the estates, and as to certain mortgages thereon, by which the defendant was deceived and thereby induced to enter into said contract; that the plaintiff has a plain, adequate and complete remedy at law; and that the bargain claimed by the plaintiff would be unconscionable.

The case was heard before the chief justice, upon the bill, answer and evidence introduced by both parties, which it is unnecessary to recite here, the material facts being stated in the opinion; and was reserved for the determination of the whole court.

*M. Chamberlain,* for the plaintiff, cited, 1. As to the omission in the written contract, *Dwight* v. *Pomeroy,* 17 Mass. 303, 328, *Tilton* v. *Tilton,* 9 N. H. 385; 2. As to the alleged want of equity, *Western Railroad* v. *Babcock,* 6 Met. 352; 3. As to inadequacy of consideration, *Seymour* v. *Delancy,* 3 Cow. 445; *Borell* v. *Dann,* 2 Hare, 440, 450; 1 Story on Eq. § 244 *& note;* Fry on Specif. Perf. § 251 *& notes.*

*P. Willard,* for the defendant. The omission to mention the agreement for the watch and chain defeats this bill. *Brooks* v. *Wheelock,* 11 Pick. 439. *Dwight* v. *Pomeroy,* 17 Mass. 328

*Garrard* v. *Grinling*, 2 Swanst. 244. *Bayly* v. *Tyrrell*, 2 Ball & Beat. 363. *Mason* v. *Armitage*, 13 Ves. 25. *Legh* v. *Haverfield*, 5 Ves. 452. *Molloy* v. *Egan*, 7 Irish. Eq. 590. [The argument as to the alleged misrepresentations is omitted.] The court will not enforce a specific performance in cases of an inadequate consideration, or of a hard and unconscionable bargain, or where the decree would produce injustice. 2 Story on Eq. § 769. *Old Colony Railroad* v. *Evans*, 6 Gray, 25. *Boston & Maine Railroad* v. *Babcock*, 3 Cush. 228. A decree should not be passed affecting the interest of the defendant's wife. *Squire* v. *Harder*, 1 Paige, 494. *Edrington* v. *Harper*, 3 J. J. Marsh. 360. *Coleman* v. *Woolley*, 3 Dana, 486.

DEWEY, J. Notwithstanding the right of the plaintiff to resort to his action in a court of law, to recover damages for the breach of the contract set out in the bill, he may at his election resort to his bill in equity to compel a specific performance of the contract. An action at law is not a perfect remedy in such a case, and it is only by a bill in equity that he can enforce the full performance of the contract. Hence it is well settled that the objection that the party has " a plain, complete and adequate remedy at law " does not apply to such bill for specific performance. *Old Colony Railroad* v. *Evans*, 6 Gray, 25.

The plaintiff, having shown the due execution of the instrument set forth in his bill, and a readiness on his part to perform the contract as set forth in such instrument, is now entitled to a specific performance thereof on the part of the defendant, unless some good and sufficient reason is shown justifying his refusal to perform it.

This he attempts to maintain and justify upon several distinct grounds.

1. That the court has no power to decree a specific performance of a contract in writing, unless every part of the actual agreement was reduced to writing; and that it is open to the defendant to show such omission in bar of the right to maintain the bill.

If this were the case of a plaintiff in a bill in equity seeking the specific performance of a contract in writing, but to the

terms of which he would add further provisions in his favor alleged to have been omitted by mistake, and which he asked to have enforced as a part of the contract, the court would not in such a case order a specific performance. Such was the case of *Dwight* v. *Pomeroy*, 17 Mass. 328. But in the present case, the whole claim of the plaintiff arises upon the written contract. He does not ask to supply any omissions, or in any manner to vary it; and in an action at law to recover damages for its non-fulfilment, the contract as reduced to writing and executed by the parties would be the contract to be enforced. In equity, to a certain extent, a different rule prevails; and a court of equity will refuse to entertain a bill for specific performance of the written contract, when it is clearly shown that an omission exists in the same materially affecting the rights of the defendant; and oral evidence is competent to show such mistake. In such case, courts of equity withhold the exercise of their powers, unless the party seeking relief will do full justice to the other party according to the facts which are shown to exist as to the real contract intended by the parties. The case of *Dwight* v. *Pomeroy* goes no further than this. The case of *Brooks* v. *Wheelock*, 11 Pick. 439, was also a case where the plaintiff in a bill in equity attempted to add to the terms of the written contract a verbal promise, and, with the written contract thus enlarged by the oral one, to obtain a specific performance thereof; but the court refused the same. These cases furnish no authority for holding that, where the plaintiff is content to abide by the terms of the written contract, and asks no relief beyond its provisions, nor seeks to add to it, the fact of an omission by mistake to insert in the written contract all the oral stipulations as to the bargain, upon being shown by the defendant, necessarily defeats the bill. Such omission is clearly open to the defendant as an objection to enforcing literally the written contract, and would prevail unless that equity which authorizes the introduction of such oral evidence is fully met by the offer, on the part of the plaintiff, to treat the written agreement as modified by the part omitted, and thus give full effect to the actual intentions of the party, and require no more to be done than

would have been required, had the omitted part been recited in the written contract.

The alleged omission here has no reference to the acts to be done by the defendant, but was the omission to recite the full extent of the consideration of those acts, or what was to be done by the plaintiff for the benefit of the defendant. The written contract fails to recite that the plaintiff was, in addition to the three lots of land, or, more accurately speaking, the right in equity to redeem the three certain lots of land named in the written contract, also to give to the defendant a gold watch and chain.

The defendant insists that this omission is absolutely fatal to the right of the plaintiff to any decree for specific performance, even though the plaintiff has been always ready and willing to deliver such watch and chain, as a part of his contract, and has brought the same into court, and made a tender thereof to the defendant. In reference to this point, we have various authorities which seem to have a bearing thereon, and shall refer to the most important of them. Thus in 2 Story on Eq. § 770 *a*, it is said : " Where the defendant sets up, in his defence to a bill for the specific performance of a written contract, that there has been a parol variation or addition thereto by the parties, if the plaintiff assents thereto he may amend his bill, and, at his election, have a specific performance of the written contract, with such variations or additions so set up ; for, under such circumstances, there is a written admission of each party to the parol variation or addition."

The case of *London & Birmingham Railway* v. *Winter,* 1 Craig & Phillips, 57, is to this point. Lord Cottenham first states the rule that the plaintiff cannot, in case of a contract in writing, set forth such contract, and then proceed to set forth certain oral variations and additions, and ask the court to order a specific performance of the contract as thus modified by the oral evidence ; but he adds : " On the other hand, it is quite competent for the defendant to set up a variation from the written contract ; and it will depend upon the particular circumstances of each case whether that is to defeat the plaintiff's title to have

a specific performance, or whether the court will perform the contract, taking care that the subject matter of this parol agreement or understanding is carried into effect, so that all parties may have the benefit of what they contracted for."

*Townshend* v. *Stangroom*, 6 Ves. 328, and *Ramsbottom* v. *Gosden*, 1 Ves. & B. 165, sustain this view of the question. In the latter case, Sir William Grant put it to the plaintiff whether he would have a specific performance of the contract taken with the conditions and modifications established by the parol testimony, or whether he would have the bill dismissed.

In the case of *Gordon* v. *Hertford*, 2 Madd. 106, the plaintiff was allowed to have a decree for specific performance upon the contract, as varied by the parol evidence introduced by the defendant.

In *Clarke* v. *Moore*, 1 Jones & Lat. 723, performance was ordered upon the plaintiff's electing to take the same with the parol variations. And in *Clarke* v. *Grant*, 14 Ves. 519, a similar decree was passed, the plaintiff assenting to take the same with the variation set up by the defendant.

On the other hand, there are cases where the court have, upon the fact of such omission of a part of the contract being shown, dismissed the bill, although the plaintiff upon the hearing offered to take his order for specific performance upon the contract as modified by supplying its omissions. But we think such ruling was under peculiar circumstances, and where the plaintiff had attempted in the first instance to impose upon the court, and perpetrate a fraud, or where the claim was wholly inequitable, or there had been great laches. This last ground existed in the case of *Garrard* v. *Grinling*, 2 Swanst. 244, cited by the defendant.

The case of *Molloy* v. *Egan*, 7 Irish Eq. 590, was apparently more relied upon. It was a case where the bill was dismissed on the parol evidence of a material omission in the written contract, although the plaintiff at the hearing offered to perform the true agreement. The reasons for dismissing the bill in that case are very fully stated by Lord Chancellor Sugden, in giving the opinion of the court. In the view of the court, the plaintiff

there was attempting to commit a fraud upon the defendant. The plaintiff had agreed to lease two stores to the defendant for a certain sum, but in drafting the contract one of the stores was wholly omitted, and the contract, as written, purported to be an agreement to lease one store only, for which the sum agreed upon as the rent of both stores was to be paid. The plaintiff well knowing this, filed his bill seeking to enforce the contract as written, but, being met by the parol evidence of the real contract, was then willing to take his decree upon the contract as including the two stores. The chancellor says : " If he attempts to perpetrate a fraud and fails, I shall take care that he fails altogether."

The present case has no such element of fraudulent attempt to enforce a contract literally, to the exclusion of any matter omitted by mistake to be stated in the written contract. The plaintiff, as it seems, has ever been ready to take the actual agreement, and fully to perform the omitted stipulation.

The weight of authority seems clearly with the plaintiff on this point; and while the court would refuse to give their aid in compelling the literal execution of a written contract which does not contain the whole agreement, they allow the objection to operate no farther than to require the party seeking the aid of the court to modify the written contract so as to embrace all the stipulations that are alleged to have been omitted or subsequently varied. In the case of a fraudulent attempt to enforce literally the written contract, the court would wholly refuse to sustain the bill.

In the citation made from 2 Story on Eq. § 770, it would seem that it might be necessary to amend the bill, where such a defence was relied upon, by introducing the oral agreement alleged to have been omitted. But this does not appear to have been required in the cases to which we have referred. To require such amendment would be to assume that the bill was originally defective. But the legal contract between the parties is the written contract, and the plaintiff could not properly set forth any addition or variation by parol. At law the written contract would control, and the defendant would be estopped

from setting up a parol variation. It is only because the pro-ceeding is in equity that this evidence is admitted. Here he may introduce it, and thus present an equitable defence to the bill, unless the other party will obviate the objection by giving the defendant the full benefit of the part omitted in the written contract. If he will do so, that objection is removed. This can be done effectually by adapting the decree to the case thus admitted by the parties, and thus full equity will be done to all parties.

2. The next ground of objection urged is, that the contract was obtained from the defendant by false representations made by the plaintiff as to the real estate of the plaintiff which was to be taken by the defendant in exchange for his; and partic-ularly that misrepresentations were made as to the amount and nature of the incumbrances on the same.

The burden of proving such alleged misrepresentation is upon the defendant; and upon an examination of all the evidence upon that point, the court are of opinion that this ground of defence is not sustained.

3. The further ground urged in defence is, that a decree re-quiring a specific performance would be inequitable, and ought to be refused, upon the ground that the defendant would receive no adequate consideration for the property he is to transfer, and that the bargain was unequal, and greatly prejudicial to the de-fendant.

Upon this point something more must be shown than that the bargain was an unequal one, and that too high an esti-mate was put upon the property of the plaintiff. The gen-eral language of the authorities on this subject is, that mere inadequacy of consideration constitutes no defence to a bill for specific performance, unless the inadequacy is such as amounts to evidence of fraud. Fry on Specif. Perf. § 280. *Viele* v. *Troy & Boston Railroad*, 21 Barb. 381. *Coles* v. *Tre-cothick*, 9 Ves. 234. *Abbott* v. *Sworder*, 4 De Gex & Sm. 448. *Cathcart* v. *Robinson*, 5 Pet. 263. It is however stated in terms somewhat modified thus: " Mere inadequacy of price is not *per se* sufficient to set aside a transaction, yet when it is so great

as to give to the contract the character of unreasonableness and hardship, the court may be induced to stay the exercise of its discretionary power in enforcing the specific performance of a private contract for the sale of land." Adams on Eq. 79, *note*, and many cases there cited to the point. Taking the case upon this latter view, the defence fails.

Upon the question of the value of real estate, there may be expected to be found much difference in the estimate. Such we find to be the case here. Taking the estimate of the witnesses of the plaintiff, the difference between the real value and that at which it was estimated by the parties would wholly fail to present a case where the court should decline to interfere for this cause. Taking the estimate of some of the defendant's witnesses, it would seem to be certainly a very unequal bargain. But the witnesses for the defendant differ much among themselves as to the value of the property.

The fact that this was wholly an exchange of property, without the payment of any money on either side, is a feature of the case not to be overlooked. The property of the plaintiff was of a kind susceptible of rise and fall from its location, and its value likely to change by future circumstances. All these considerations were or ought to have been regarded by the parties; and no fraud being shown, and the parties having fixed their own estimate of the relative values of the property that each was to receive from the other in exchange, they must now be bound by their contracts as to the same.

As to the objection that the court will not decree a specific performance of the agreement so far as relates to the release of dower by the wife of the defendant, if the prayer of the bill is that the wife shall execute such release, it would of course be denied, she not being a party to this contract, nor under any obligation to execute such release. *Squire* v. *Harder*, 1 Paige, 494. But this will not prevent the court from compelling the defendant to execute the contract on his part, so far as it is personal to him, and also charging him in damages for the inability to execute his agreement in that respect.

The plaintiff will therefore be entitled to a decree in his favor

requiring the defendant to execute the contract on his part, the plaintiff also performing the stipulations on his part, including the oral stipulation ; and that upon failure to procure the release of dower by the wife of the defendant, proper damages be assessed therefor against him, and that the case be referred to a master to report as to the same.