## FOSTER vs. HICKOX, imp.

FORECLOSURE: DOWER.  *When the wife a necessary, and when a proper, party to a foreclosure of a mortgage.*

1. *It seems* (notwithstanding the doubt in *Cary v. Wheeler*, 14 Wis., 281), that the wife is a necessary party in foreclosure of her husband's mortgage in which she joins.
2. The general presumption that a widow is entitled to dower in all land of which her husband was seized at any time during marriage (R. S., ch. 89, sec. 1), would prevail against one claiming under a foreclosure of the husband's mortgage, unless it should appear that the mortgage was executed by her, or was given before her marriage, or was for purchase money of the land (ch. 89, secs. 3, 4).
3. If the particular fact relied on to bar the wife's right is pleaded by the plaintiff in a foreclosure to which she is a party, the judgment is conclusive against her. When she is not a party, it may be that notwithstanding the fact relied on as a bar, her right to redeem as doweress is not foreclosed; and she is certainly not concluded by the decree from litigating the fact.
4. While, therefore, in foreclosure of a mortgage in which the mortgagor's wife did not join, she cannot properly be said, perhaps, to be a *necessary* party, she is still a *proper* party, to bar her claim to dower as against the purchaser, and so quiet his title.

APPEAL from the County Court of *Milwaukee* County.

Foreclosure of a mortgage executed by *James Hickox*, in 1868, to secure payment of a note for $2,000, and interest, the same being a part of the purchase money of the mortgaged premises. The defendant *Ada Hickox* did not join in the mortgage. The complaint alleges that she " is the wife of said defendant *James Hickox*, and has or claims to have some interest in said premises, by reason of said relation to him, which interest, if any, is subject to the lien of said mortgage ; " and it asks judgment in the usual form, barring the rights of all the defendants, etc. *Mrs. Hickox* demurred to the complaint, on the ground, among others, that it did not state a cause of action against her ; and appealed from an order overruling the demurrer.

*Cottrill & Cary*, for the appellant :

Under our statute (R. S., ch. 89, sec. 4) the widow is not entitled to dower out of lands purchased by the husband during coverture and mortgaged by him to secure payment of the purchase money, as against the mortgagee or those claiming under him. There is, therefore, no cause of action stated against the appellant. She would not have a dower interest in any surplus remaining after payment of the mortgage debt, unless the premises were sold under the mortgage after her husband's death. R. S., ch. 89, sec. 5. But a contingent right of dower in the surplus moneys would not make her a necessary or proper party to this action, any more than the heirs of the mortgagor would be necessary or proper parties, because they also would have an interest in the surplus moneys in case of a sale under the mortgage after the mortgagor's death. In *Cary v. Wheeler*, 14 Wis., 281, this court was in doubt whether it was necessary to make the wife a party to a foreclosure in order to extinguish her inchoate right of dower, where she had joined her husband in the execution of the mortgage, but not of the bond. In *Mills v. Van Voorhies*, 20 N. Y., 412, the court held that under the New York statute the wife had an inchoate dower interest in the equity of redemption under a

purchase-money mortgage, and must be made a party to its foreclosure, to cut off such interest. It says (p. 419): "The words 'although she shall not have united in such mortgage' plainly import a design to make the position of the widow, as to a mortgage for purchase money not signed by her, the same as in respect to any other mortgage which she had signed." But the words "although she shall not have united in such mortgage," found in the New York statute, are not in ours; and they make a wide difference in the construction of the two.

*McMullen & Houts*, for the respondent:

Under §§ 4–6, ch. 89, Tay. Stats. (p. 1158), the appellant has an interest in the mortgaged premises sufficient to make her a necessary or at least a proper party defendant to the foreclosure. She has an inchoate right of dower in the surplus which might remain upon a sale; and upon payment or redemption of the mortgage, her inchoate right of dower would attach to the entire value of the premises. This is a sufficient interest to entitle her to redeem. The object of a foreclosure is to bar this right of redemption as to all who may be, under any circumstances, entitled to redeem. In *Mills v. Van Voorhies*, 20 N. Y., 412, it was held that a title obtained through a foreclosure suit in which the mortgagor's wife had not been made a party, was defective. All but one of the judges held the wife to be a necessary party; and even he did not deny that she was a proper party. The New York statute, though it contains an additional clause, means the same as ours, both covering the case where the wife has not united in the mortgage, as well as the case where she has so united. See also the remark of this court in *Oatman v. Goodrich*, 15 Wis., 593.

RYAN, C. J. It appears by the complaint that the appellant's husband and codefendant made the mortgage in suit for purchase money upon his purchase of the mortgaged premises, and that the appellant is not a party to it. It does not appear whether the transaction took place before or during the cover-

ture of the appellant. But the complaint states that she has or claims some interest by reason of her relation to the mortgagor.

Ch. 89, sec. 1, R. S., provides that the widow shall be entitled to dower in all lands of which the husband was seized during the marriage, unless barred. Sec. 3 provides that when the mortgagor marries after mortgage, his widow shall be entitled to dower, except as against the mortgagee and those claiming under him. Sec. 4 provides that when, during marriage, the husband purchases and mortgages for purchase money, his widow shall not be entitled to dower against the mortgagee or those claiming under him, but shall be as against all others.

And the question raised by the appellant's demurrer is, whether she is properly a defendant to this foreclosure.

A doubt is expressed in *Cary v. Wheeler*, 14 Wis., 281, whether the wife is a necessary party to the foreclosure of her husband's mortgage in which she joins. But on mature reflection and examination we are satisfied that the great weight of authority, as well as the almost universal practice of the profession, is against the doubt. And without any extended discussion or consideration of the authorities here, we are disposed to agree with KENT, C., that she is a necessary party. *Tabele v. Tabele*, 1 Johns. Ch., 45.

And the question does not seem to us to be materially different in principle when the mortgage is within sec. 3 or 4 of the statute. For under the first section, when the mortgagor dies seized or having been seized during marriage (*Wood v. Trask*, 7 Wis., 566), there appears to be a general presumption that his widow is entitled to dower. This presumption would prevail against one claiming under foreclosure of her husband's mortgage, unless it should appear that the mortgage was executed by her, or was given before her marriage, or was given during her marriage for purchase money. When the particular fact relied on to bar her right is pleaded by the plaintiff in

the foreclosure, and she is a party to it, the judgment is conclusive against her.    When she is not a party, it may be that, notwithstanding the fact, her right to redeem as doweress is not foreclosed (*Bell v. Mayor, etc.,* 10 Paige, 49; *Mills v. Van Voorhees,* 20 N. Y., 412); and it is certain that she is not concluded by the decree from litigating the fact.    Thus, when she is not a party, the validity of the purchaser's title against her right, upon her survival of the mortgagor, is left unsettled by the judgment of foreclosure, to be determined by future litigation.    This is not according to the practice or policy of courts of equity.

" It is the constant aim of courts of equity to do complete justice, by deciding upon and settling the rights of all persons interested in the subject matter of the suit, so that the performance of the decree may be perfectly safe to those who are compelled to obey it; and also that future litigation may be prevented.    Hence the common expression, that courts of equity delight to do complete justice, and not by halves." Story's Eq. Pl., § 72.

In equity there is a distinction between proper parties to be bound by the decree at the election of the plaintiff, and necessary parties without whom the court cannot proceed to judgment.    *Bailey v. Inglee,* 2 Paige, 278.    It cannot properly be said, perhaps, where the wife is not a party to the mortgage, that she is a necessary party to the foreclosure, as where she is a party to the mortgage; but she is certainly a proper party, to bar her claim to dower as against the purchaser and so quiet his title.

In this case, the appellant's claim to a right of dower appears to depend on the averment that the mortgage is for purchase money.    If that averment be not true, she ought to have an opportunity to litigate it; if it be true, her claim ought to be barred.    In either case, the decree should determine, as far as practicable, the certainty of the title which the purchaser is to take.

*By the Court.* — The order of the court below is affirmed, and the cause remanded for further proceedings.