DENNIS HESSION AND MICHAEL HESSION v. B. LINAS-
TRUTH, Appellant.

**Specific Performance.** A contract for the sale of three hundred and twenty acres of land for the sum of eight thousand dollars, two hundred dollars in cash and the remainder in annual payments of one thousand dollars, is not so unreasonable, unconscionable and inequitable that it will not be specifically enforced against the vendee, although he was offered thirty dollars per acre.

PLEADING. Under the general prayer for equitable relief, a decree for specific performance may protect the purchaser against the dower rights of the vendor's wife who did not join in the contract.

PRACTICE. Though a contract to sell land provided that the purchaser should receive the rent reserved for the current year, a decree ordering specific performance of the contract may leave the question of rents undetermined and show that it is not adjudicated, where no rent was due when the suit was begun and none was asked for or made an issue on the trial.

*Appeal from Humboldt District Court.*—HON. LOT
THOMAS, Judge.

SATURDAY, DECEMBER 14, 1895.

Suit in equity for the specific performance of a contract to sell real estate. From a decree for plaintiffs, defendant appeals.— *Affirmed.*

*A. D. Bicknell* for appellant.

*R. M. Wright* and *Prouty, Coyle & Prouty* for appellees.

Deemer, J.—The defendant is a resident of the state of California. On and prior to the eighth day of September, 1893, he was the owner of certain real estate in Humboldt county, part if not all of which he desired to sell. One Arthur J. Boor was at the

time last mentioned, and for some time prior thereto
had been, a real estate agent doing business in the
aforesaid county. On or about the month of July, 1893,
Boor, as agent for the defendant, negotiated a sale of
a part of the defendant's land to the plaintiffs for the
sum of eight thousand dollars, and defendant for-
warded a deed to the premises to one Robert Johnson,
for him to collect the purchase price,. and deliver the
deed to plaintiffs upon payment of the same. Plaint-
iffs were unable to realize the amount they agreed to
pay, and this sale was never fully consummated.
Defendant's premises were incumbered by a mort-
gage to the amount of four thousand and five hun-
dred dollars, and some time in the month of August
of the year 1893 the mortgagee commenced a fore-
closure suit against defendant upon this mortgage.
This action brought the defendant to Iowa, and
demanded of him either a sale of a part or all of the
land, or a new loan, so that he might meet the amount
of his indebtedness on the land. Negotiations were
renewed with the plaintiffs by Boor, which resulted
in the making of the written contract, which is the
basis of this suit, signed by the plaintiffs in their own
behalf, as purchasers, and by the defendant through
"Andrew J. Boor, agent for B. Linastruth," as vendor.
By the terms of this contract the defendant agreed to
sell and convey to the plaintiffs three hundred and
twenty acres of land for the agreed price of eight
thousand dollars, to be paid as follows: One note for
two hundred dollars, due January 1, 1894, "to bind
the bargain;" one thousand dollars on or before
November 15, 1893; one thousand dollars on or before
November 15, 1894; and one thousand dollars on the
fifteenth of each November thereafter, up to and
including the year 1900. Warranty deed to be made
and possession of the premises given upon payment
of the first one thousand dollars. The remainder of

the purchase price to be secured by mortgage upon the land. If the first thousand dollars maturing should not be paid when due, then the two hundred dollars should be treated as liquidated damages for failure to take and pay for the land. Plaintiffs were also to receive the rent reserved for the year 1893. After the execution of this contract the defendant borrowed sufficient money on his lands to satisfy the original mortgage incumbrance, and shortly thereafter returned to his home in California. Shortly after the fifteenth of November, when the first payment was due, plaintiffs caused the defendant to be notified that they would have the money in readiness, and asked him to send deed for the land according to the contract. This he failed to do, and this suit was then brought to compel specific performance. The lower court, after hearing all the testimony, found the equities to be with plaintiffs, and rendered a decree as prayed, except that it protected them against the inchoate rights of defendant's wife in and to the premises, she not having joined in the execution of the contract, and also left the matter of rents of the premises for the years 1893 and 1894 undetermined.

The defendant contended in the lower court, and earnestly renews his contention here that Boor had no authority to enter into any kind of a contract for the sale of his lands, and specifically denies that he had any authority to sign the contract upon which this suit is predicated. And this contention presents the controlling, if not the sole, question in the case. There are, of course, many things which in a measure, at least, tend to confirm the defendant in his claims regarding the authority, or rather lack of authority, of Boor; and the evidence is in hopeless conflict, as is usually the case in such disputes. We have gone over it with care, and have read and re-read the record, and, after careful consideration of all that has been offered,

are forced to the conclusion that plaintiffs have estab-
lished their case by a fair preponderance of the evi-
dence. If numbers of witnesses were alone to be con-
sidered, there would be no doubt of plaintiffs having
the greater quantity of the evidence. But with full
knowledge that this is not alone the test, but rather
which side has produced the greater weight of the
credible evidence, we are led to believe that Boor had
express authority to make the contract, and that it
was to a certain extent, at least, dictated by defendant.
True, he would have preferred the forfeiture to have
been larger, but he was fully advised that it amounted
to but two hundred dollars, and finally accepted
the contract with this provision. It is not our practice
to set out the evidence upon which we base our find-
ings. A statement of the ultimate facts found is all
that can be expected. It may not be amiss to say,
however, that considerable testimony on which defend-
ant relies was inadmissible, as it was impeaching in
character, and no foundation was laid for its intro-
duction. Defendant also insists that, if it be found
that the contract was with authority, it is unreason-
able, unconscionable, and inequitable, and should not
be specifically enforced, but the parties should be
remanded to another forum, to seek reparation
in damages. This claim has little, if any, merit.
There is no pretense that the land did not sell
for a fair price. The payments are deferred for a con-
siderable length of time, it is true, but not to so great
an extent as to be unusual or unjust. They bear a
fair rate of interest, and are well secured. Something
is said in argument about defendant having an offer
of thirty dollars per acre for the land at the time the
contract in suit was executed. We do not find there
is any competent evidence of such fact, and, if there
had been, it would not, of itself, show that there was
such an inadequate price fixed in the contract made

by Boor as to defeat it.  Moreover, no question is made but that Boor was at one time authorized to sell the land for the very price which he finally obtained, except possibly the reserved rental for the year 1893.

II.  Complaint is made of the decree because it protects the plaintiffs as against the dower rights of the defendant's wife.  The exact objection urged to it is that there was no issue made in the pleadings about it, and no prayer for the relief which was granted.  That such an order and decree may be had in a proper case cannot well be doubted, in view of the previous holdings of this court in the cases of *Leach v. Forney,* 21 Iowa, 271; *Presser v. Hildenbrand,* 23 Iowa, 483; *Zebley v. Sears,* 38 Iowa, 507. The evidence in this case disclosed the fact that defendant was married, and that his wife, was not a party to, and did not join in, the contract of sale. Plaintiffs' petition prays for the specific performance of defendant's contract, "and such other and further relief as may be equitable in the premises."  In addition to this, the plaintiffs, after the decree was rendered, filed an amendment to the petition reciting the fact that defendant was a married man, and asking protection as against the claims of his wife.  Without at this time holding that we may consider this amendment, it is sufficient to say that we think plaintiffs were entitled to the decree which was awarded them under their general prayer for equitable relief.

III.  Further objection is made to the decree, in so far as it leaves the question of rents undetermined. It is sufficient to say in answer to this objection that at the time the suit was commenced, to-wit, on the eighth day of November 1893, no rents were due to the plaintiffs, and none were asked for in the petition; and, while there was a little testimony adduced upon the hearing as to the rent, it is apparent that this was not made an issue, and the court very

properly made the decree so as to show that the question of rents was not adjudicated. The decree of the court below is supported by the testimony, and seems to be fully in accord with the equities of the case and the rules applicable to such proceedings, and is therefore *affirmed.*