HAUSMANN BROS. MANUFACTURING COMPANY, Appellant, vs. KEMPFERT and wife, Respondents.

*May 27 — June 19, 1896.*

*Lien of subcontractor: Notice: Foreclosure: Parties: Husband and wife.*

1. Under sec. 3315, S. & B. Ann. Stats., giving a lien to a subcontractor if he gives the required notice setting forth, among other things, "that he claims the lien given by this chapter," a notice stating

that he claims the lien "under and by virtue of the laws of Wisconsin in such case made and provided," is sufficient.

2. The requirement that said notice shall contain "a statement of the labor performed and materials furnished " is substantially complied with by a notice stating that the lien is claimed for " work, labor, and services performed upon said building, and sash, doors, blinds, mouldings, and other building materials sold and delivered to be used, and which were actually used, in and upon said building and premises, under said agreement with said principal contractors, . , . for the agreed price of," etc.

3. The wife of the owner of land upon which a mechanic's lien is claimed is a proper party to an action to enforce such lien, even though she was not a party to the building contract under which the lien is claimed and the premises are not a homestead, and even though her inchoate right of dower cannot be divested in such action.

APPEAL from orders of the circuit court for Milwaukee county: D. H. JOHNSON, Circuit Judge. *Reversed.*

Action to enforce a subcontractor's lien. The facts are stated in the opinion.

For the appellant there was a brief by *Briggs & Gielens,* and oral argument by *C. W. Briggs.*

For the respondents there was a brief by *Kinne & Curtis,* and oral argument by *Herbert Kinne.* They contended, *inter alia,* that the wife during coverture cannot be barred of her dower in the lands of her husband by a decree of foreclosure against him in an action for the foreclosure of a mechanic's lien, and for that reason is not a proper party to such suit. *Johnston v. Dahlgren,* 36 N. Y. Supp. 806; *Gove v. Cather,* 23 Ill. 634; *S. C.* 76 Am. Dec. 711, and note; 1 Scribner, Dower (2d ed.), 631; Phillips, Mechanics' Liens, § 195; *Shaeffer v. Ward,* 8 Ill. 511; 1 Washb. Real Prop. (5th ed.), ch. 7, sec. 4, par. 24, and cases cited.

CASSODAY, C. J. This action was commenced August 13, 1895. The complaint alleges, in effect, that Frenz & Popp, being employed as principal contractors to erect and con-

struct certain buildings for the defendant *August Kempfert* upon lands therein described, the plaintiff, a corporation organized, existing, and doing business under the laws of this state, and a manufacturer and dealer in sash, doors, blinds, mouldings, and other building materials, between January 16, 1895, and June 28, 1895, at the special instance and request of Frenz & Popp, did furnish, sell, and deliver to Frenz & Popp sash, doors, blinds, mouldings, and other building materials, and did and performed labor, work, and services for and at the agreed prices, amounting in the aggregate to $500; that the last date of the performance of the labor and the furnishing of the materials was June 28, 1895; that there is now due to the plaintiff from Frenz & Popp therefor the $500 mentioned, with interest; that said work was performed and the materials furnished with the knowledge of such owner, and that he consented thereto; that on July 8, 1895, the plaintiff gave notice in writing to the defendant *August Kempfert*, the owner of the property affected by such lien, which notice, it is claimed, contained and set forth all that is required by the statute in such cases; that on July 9, 1895, the plaintiff duly filed its claim for a lien in the office of the clerk of the circuit court, which claim contained the usual statements in such cases; that the defendant *Catharina* is the wife of the defendant *August.* The complaint demanded the usual judgment for a subcontractor's lien.

The defendants *August* and *Catharina*, having appeared and demanded a bill of particulars, the same was served on their attorneys August 30, 1895. Thereupon *August* and *Catharina* separately demurred to the complaint, on the grounds that the court had no jurisdiction of the subject matter of the action, and that the complaint did not state facts sufficient to constitute a cause of action against them, respectively. The plaintiff having moved to strike out each of such demurrers as frivolous, the court, by separate orders, denied both of such motions and sustained both of such de-

murrers. The plaintiff appeals from each of those orders to this court.

1. We are constrained to hold that the notice given by the plaintiff, as subcontractor, to the owner of the buildings in question, was in substantial compliance with the statute. S. & B. Ann. Stats. sec. 3315. The mere fact that it does not specifically name the section does not invalidate the notice, since it expressly states that "it claims said lien under and by virtue of the laws of the state of Wisconsin *in such case* made and provided." *Smith v. Headley,* 33 Minn. 384. Every citizen of the state, so far as his dealings and conduct are concerned, is conclusively presumed to know the law of the state; and hence, when the owner was notified that the plaintiff, as subcontractor, claimed such lien under and by virtue of the laws of the state "in such case made and provided," it did refer to the section with sufficient certainty.

2. The contention that the notice does not contain a statement of the labor and services performed and the materials furnished is also untenable. After stating what the claim for a lien was for and upon, the notice does state "that the work, labor, and services done and performed upon said building, and sash, doors, blinds, mouldings, and other building materials sold and delivered to be used, and which were actually used, in and upon said building and premises under said agreement with said principal contractors . . . was done and performed and materials furnished on and between the" dates named at the agreed prices named, and that the last date of the performance of such work and furnishing such materials under such contracts was June 28, 1895, and that sixty days had not since elapsed. We must hold that such notice was a substantial compliance with the statute cited.

3. It is contended that the demurrer of the owner's wife, *Catharina,* was, in any event, properly sustained, because

she was not a party to the contract, that it does not appear that the premises in question were a homestead, and that she cannot be barred of her inchoate right of dower in the lands during coverture, and hence is not a proper party to this foreclosure suit. The judgment demanded in the complaint is for the foreclosure of the liens, and that the interest which *August Kempfert* had in the premises be sold to satisfy the liens which should be ascertained and adjudged; but there is no prayer for any personal judgment against her, nor even to bar any inchoate right of dower she may have in the premises. If the premises in question are the homestead of *August* and his wife, then she has an interest therein which may be divested by a decree and sale herein. S. & B. Ann. Stats. sec. 2271; *Weston v. Weston,* 46 Wis. 130; *Godfrey v. Thornton,* 46 Wis. 677; *Whitmore v. Hay,* 85 Wis. 248; *Turner v. Scheiber,* 89 Wis. 5. If the premises are not their homestead, then it may be, as contended, that her inchoate right of dower cannot be divested in this action. *Oatman v. Goodrich,* 15 Wis. 593; *Madigan v. Walsh,* 22 Wis. 501. But, in any event, she has an interest in the land, and hence in the controversy, adverse to the plaintiff; and she is a proper, if not a necessary, party to a complete determination or settlement of the questions involved in this action. R. S. sec. 2603. In addition to the cases cited, see *Foster v. Hickox,* 38 Wis. 408; *Weston v. Weston, supra; Brothers v. Bank of Kaukauna,* 84 Wis. 396.

*By the Court.*— Both orders of the circuit court are reversed, and the cause is remanded for further proceedings according to law.