ELIZABETH FREDERICK

*v.*

ADAM EMIG *et al.*

186   319
91a  ⁴207

*Opinion filed June 21, 1900.*

1. DOWER—*effect of wife's failure to join in purchase money mortgage.*
Under section 4 of the Dower act, where the wife fails to join in a
purchase money mortgage she is not entitled to dower as against
the mortgagee or those claiming under him, but is entitled to dower
as against all other persons.

2. SAME—*if deed is set aside wife's dower is not released.* If a deed is
set aside as in fraud of the husband's creditors, the fact that the
wife has joined in the deed does not release her dower, but she may
assert it after the death of her husband if not otherwise barred.

3. SAME—*effect upon dower right of wife's attempt to claim fee.* Where
a transfer of the husband's property to his wife through a third
party is set aside during the husband's lifetime as in fraud of his
creditors, the fact that the wife seeks to claim the fee under the
deeds does not affect her dower right, which was then a mere expect-
ancy which she could not set up or have admeasured to her.

4. SAME—*when wife is not entitled to dower in entire premises.* If part
of the proceeds of a sale of the husband's land for the benefit of
creditors is paid over to the wife to re-imburse her for the redemp-
tion of the property sold under a purchase money mortgage in
which she did not join, she is not entitled to dower in that part of
the land which represents the amount of the encumbrance.

5. RES JUDICATA—*when the fact of wife's redemption is res judicata.*
Where a wife seeks to claim the fee as assignee of a certificate of
purchase on foreclosure, as against a purchaser of the property at
a sale for the benefit of her husband's creditors, but the purchas-
er's contention that the transaction amounted merely to a redemp-
tion prevails, that question is *res judicata*, as against the purchaser,
in a subsequent proceeding by the wife for dower in the property.

WRIT OF ERROR to the Circuit Court of Clinton county;
the Hon. TRUMAN E. AMES, Judge, presiding.

WILLIAM WINKELMAN, and M. P. MURRAY, for plain-
tiff in error.

VANHOOREBEKE & LOUDEN, for defendants in error.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

Upon a hearing of the petition of plaintiff in error for dower in two hundred and sixty acres of land in Clinton county the circuit court dismissed the petition. The facts were not contested, and the question presented on this review is whether the conceded facts entitle plaintiff in error to dower.

Petitioner was married to John Frederick, and he bought the land February 15, 1864, from Alvah Lewis, giving Lewis a mortgage, in which petitioner did not join, for $4100, the unpaid part of the purchase money. On August 9, 1865, petitioner joined with her husband in a conveyance of the land to his brother, Nicholas Frederick, releasing her dower therein, and Nicholas Frederick on the same day conveyed the land to petitioner. At the May term, 1869, of the circuit court of Clinton county, the mortgage was foreclosed by *scire facias* at the suit of Lewis, for the use of William Nichols, and the premises were sold October 9, 1869, by the sheriff, under special execution, to Nichols for $4244.62, the amount due on the mortgage and for costs. The premises were not redeemed by petitioner or her husband during the year allowed to them for redemption. Afterward, Nichols consented to a redemption, although the time had expired, because the application was made by a woman, and on November 9, 1870, petitioner and her husband executed a trust deed on the premises and borrowed money with which the amount due Nichols was paid November 11, 1870. He wrote his name on the back of the certificate and delivered it to a broker acting for petitioner. An assignment was filled up over the signature in favor of Adam and Peter Karr, who furnished to petitioner the money with which the redemption was made, and they held the certificate as further security for the loan with the trust deed. On October 25, 1872, petitioner's husband, John Frederick, was adjudged a bankrupt, on his own

petition, by the District Court of the United States for
the Southern District of Illinois, and his estate, both real
and personal, was assigned to John Swaggard, his as-
signee.    In 1874 G. W. Remick, a creditor of the bank-
rupt husband, filed a bill in said District Court of the
United States to set aside the conveyances of the land
made August 9, 1865, to Nicholas Frederick, and from
him to petitioner, on the ground that they were fraudu-
lent and void as against creditors.    The bankrupt and
petitioner were made defendants, and on April 6, 1874, a
decree was entered setting aside the deeds and declaring
the lands to be assets of the husband's estate.    After-
ward, said District Court ordered the assignee to sell the
lands for the benefit of the creditors.    On June 4, 1874,
Adam and Peter Karr obtained a deed from the sheriff
on the certificate of purchase.    On June 13, 1874, the as-
signee sold the lands under an order of the District Court
to defendant in error Adam Emig for $13,500, their full
value.    On June 18, 1874, the Karrs conveyed the prem-
ises to petitioner.    Emig having been put in possession
of the premises under his purchase, petitioner brought
suits in ejectment and forcible detainer against him to
be restored to possession.    Emig then filed his bill in the
circuit court of Clinton county to enjoin her from prose-
cuting her suits, and to have the deeds from the sheriff
to the Karrs and from the Karrs to her canceled and
declared clouds upon his title.    The bankrupt court
had made an order to discharge the lien of the purchase
money mortgage out of the purchase money paid by Emig,
and he claimed that she had redeemed from the mortgage,
while she asserted that she had bought the certificate of
sale from Nichols, who assigned it to her, and that she
held superior title to the land.    On November 26, 1875,
the circuit court decreed in favor of Emig and set aside
the deeds and perpetually enjoined her from prosecuting
her suits upon the payment to her of the amount which
she had paid to redeem the lands, with interest thereon.

186—21

She sued out a writ of error from this court to reverse that decree, but it was affirmed. It was held that the transaction between her and Nichols was a redemption of the land; that the certificate became null and void, and that it could not be used, and was not intended by the parties to be used, as a basis of title. (*Frederick* v. *Emig*,* 82 Ill. 363.) The money decreed to the petitioner to reimburse her for the amount advanced to make the redemption with interest thereon was received by her. In 1898 her husband died and she demanded dower in the lands, and filed her petition for the same, which the court dismissed.

The marriage, the seizin of the husband and his death are admitted, and petitioner became entitled to dower in the premises except as against the purchase money mortgage. Section 4 of the Dower act is as follows: "Where a husband or wife shall purchase lands during coverture, and shall mortgage such lands to secure the payment of the purchase money thereof, the surviving wife or husband shall not be entitled to dower in such lands, as against the mortgagee or those claiming under him, although she or he shall not have united in such mortgage; but shall be entitled to dower as against all other persons." She is therefore entitled to dower subject to the purchase money mortgage, unless such dower has been barred or relinquished in legal form, and the question is whether her right has been so barred or relinquished. Her right to dower was not affected by the conveyances of August 9, 1865, in which she joined with her husband in conveying to his brother, who conveyed to her. She was a party to the deed only for the purpose of releasing her dower, and her right to dower could not be separated from the principal estate, so that when the deed became inoperative as against creditors to convey the estate of her husband, it became inoperative to release or bar her right to dower. As against creditors, the deed conveyed

---

*Miscalled Ewrig.

no estate of the husband, and in such a case a deed is not allowed to operate to release or bar the dower, but the wife may assert it after the death of the husband. (*Blain* v. *Harrison*, 11 Ill. 384; *Summers* v. *Babb*, 13 id. 483; *Stowe* v. *Steele*, 114 id. 382.) The assignee, Swaggard, in the bankruptcy proceeding took the estate not only subject to the purchase money mortgage, but also subject to the dower rights of petitioner, as against all other persons than the holder of such mortgage. Emig does not derive title under that mortgage, but holds his title from the assignee in pursuance of the sale of the estate transferred to the assignee. The deeds were set aside at the instance of Remick by virtue of his right as a creditor, and the lands were sold and conveyed for the benefit of creditors, as in *Summers* v. *Babb, supra*, and other cases. The same rule applies here, and the dower was not released by the deed. Her attempt to claim the fee through said deeds does not affect her right to dower. The claim of Remick was, that the deed in which she joined to release her dower was void as against him and other creditors, and the establishment of that claim re-established the dower right. She could not set up her dower right in that suit or have it admeasured to her. It was then nothing more than a mere expectancy, and whether it would ever become more was uncertain. She could not have it valued or be compensated for it. *Kauffman* v. *Peacock*, 115 Ill. 212.

Petitioner afterward attempted to claim the fee through the purchase money mortgage as assignee of the certificate from Nichols, but she was defeated and the claim of Emig that she had redeemed from the mortgage was sustained by the circuit court, and the decree was affirmed by this court. It is now argued, on behalf of Emig, that said transaction was not a redemption; that she could not redeem and did not redeem from the mortgage, and that the payment had no element of redemption, but that question is *res judicata* between the parties. The transaction must be held what it was then adjudged

between the same parties to be. Petitioner's right to dower has not been barred or relinquished.

Petitioner's counsel insist that her right of dower extends to the whole value of the premises, because, they say, the purchase money mortgage to which it was subject was paid by the husband. To this we cannot assent. The purchase money lien was not paid or discharged by the husband, but a portion of the estate in which petitioner claims dower was exhausted to satisfy the lien as against which she had no dower. A portion of the purchase money of the land was devoted to that use, and that part of the land which represented the amount of the encumbrance was paid over to her to reimburse her for her payment to Nichols. She cannot have dower in that part. Although she made the redemption she was fully reimbursed, and must contribute ratably to the amount of that encumbrance, which was superior to her dower, or have dower in the remainder, only. 10 Am. & Eng. Ency. of Law, (2d ed.) 166.

The decree of the circuit court is reversed and the cause is remanded for further proceedings in accordance with the views herein expressed.

*Reversed and remanded.*