HUNT, Respondent, vs. McDONALD, Intervener, Appellant.

*January 12—January 31, 1905.*

**Liens: Homestead: Foreclosure: Vacating judgment: Application of wife to be made party: Discretion.**

In an action to foreclose a mechanic's lien upon a homestead for work done under a contract with the husband, who held the title, he was the sole defendant. He defended on the ground of failure to complete an entire contract, but was defeated on the merits. The wife, though she had full opportunity, did not ask to be made a party before the trial, but applied to have the judgment vacated that she might retry the case on the same defense. *Held* that, as the contract was with the husband alone, the wife, though a proper party, was not a necessary party to the action, and under the circumstances there was no abuse of discretion in denying her application.

APPEAL from an order of the circuit court for Jefferson county: B. F. DUNWIDDIE, Circuit Judge. *Affirmed.*

This is an action to foreclose a mechanic's lien for drilling a well. The premises sought to be charged constituted the homestead of one James McDonald, and the appellant, *Carrie M. McDonald,* is his wife. The action was originally brought against James as sole defendant, and he answered, claiming that the contract under which the well was drilled was an entire contract by which the plaintiff agreed to obtain good water, and that the plaintiff failed to perform his contract, and hence was not entitled to recover. The action was tried

on the issue so formed at the June term, 1903, of the circuit court for Jefferson county, and resulted in findings and judgment for the plaintiff, establishing a lien on the premises. Afterwards, and on the 11th day of July, 1903, a motion was made by the petitioner, *Carrie M. McDonald,* before the circuit judge, at chambers, based upon a verified petition and accompanying affidavits, asking that the judgment be vacated and that she be allowed to come into the action as a party and defend the same. The petition alleged that the judgment was obtained by fraud and false swearing, and that she knew that the plaintiff's contract was to get good water, and that neither work nor materials were to be paid for in case he failed to do so. The motion was opposed by counter affidavits, and an order was made by the judge denying the motion, in which order it was recited that the petitioner had full opportunity to make her application to be made a party to the action before its trial, and allowed the same to be tried and go to judgment. Thereafter, and in December, 1903, the petitioner moved the court, upon the same papers, to reverse the order made at chambers and grant the relief prayed for in the petition. This motion was denied by the court, and petitioner appeals.

The cause was submitted for the appellant on briefs by *J. H. Page,* and for the respondent on a brief by *Edwin T. Cass.*

WINSLOW, J. This was an action brought to foreclose a mechanic's lien upon a homestead for drilling and piping a well thereon under a contract with the husband alone. The title of the homestead rested in the husband, and he was made the sole party defendant, and defended the action on the ground of failure to complete an entire contract, but was defeated after trial upon the merits. The wife, who is the petitioner here, had full opportunity to make application to be made a party before the trial of the action, but allowed the

same to be tried and go to judgment, and is now endeavoring to vacate the judgment and retry the action on the same lines of defense made by the husband. She had an inchoate right of dower in the land, and also a homestead right, which latter right was not an estate, but simply a disability of the husband. *Godfrey v. Thornton,* 46 Wis. 677, 1 N. W. 362; *Town v. Gensch,* 101 Wis. 445, 76 N. W. 1096, 77 N. W. 893. On account of these interests in the subject matter, she would have been, doubtless, a proper party to the action. *Hausmann Bros. Mfg. Co. v. Kempfert,* 93 Wis. 587, 67 N. W. 1136; *Weston v. Weston,* 46 Wis. 130, 49 N. W. 834. But as the contract to construct the well was made with her husband alone, she cannot be said to be a necessary party to an action to foreclose the lien. *Foster v. Hickox,* 38 Wis. 408. It was therefore a question of discretion whether she would be allowed to come in and defend, and we think the circumstances appearing on the application were entirely sufficient to justify the court in refusing to grant the application.

*By the Court.*—Order affirmed.