## Huntzicker, Appellant, vs. Crocker, Assignee, Respondent.

*January 31—March 10, 1908.*

*Quieting title: Action by owner of dower right: Res adjudicata: Setting aside fraudulent conveyance: Revival of dower: Equity: Clean hands.*

1. An inchoate right of dower is such an incumbrance on land as will entitle its owner to maintain an action to remove a cloud thereon under sec. 3186, Stats. (1898).

2. A conveyance of land by husband and wife was set aside as in fraud of creditors, the judgment in terms divesting the wife of all right, title, and interest in the land, and transferring the title to an assignee for the benefit of creditors. The wife afterwards brought action under sec. 3186, Stats. (1898), for the establishment of her right of dower in such land. *Held* that, the plaintiff's dower right in the lands not having been presented, litigated, or determined in the former action, the judgment thereon was not *res adjudicata* upon that question, as the causes of action are different.

3. Where a wife joins a husband in a deed which is fraudulent as to creditors, whether she participates in the fraudulent intent or not, her right to dower is revived as against such creditors or their assigns when such deed is set aside, and she is not barred by the maxim requiring clean hands from maintaining an action to establish her dower rights.

Appeal from a judgment of the circuit court for Clark county: E. Ray Stevens, Judge. *Reversed.*

For the appellant there was a brief by *Charles F. Grow* and *George L. Jacques,* and oral argument by *Mr. Jacques.*

*L. M. Sturdevant* and *R. J. MacBride,* for the respondent.

Winslow, C. J. The plaintiff brought action under sec. 3186, Stats. (1898), alleging an inchoate right of dower in certain farm lands and that the defendant made some claim thereto and demanding establishment of her right. The defendant answered by general denial and the action was

tried by the court. It appeared that prior to September 9, 1893, the farm in question was owned by George Huntzicker, the husband of the plaintiff, and that on said day said George and the plaintiff conveyed the same, together with a quantity of personal property thereon, to their daughter, Mary Brooks; that said George was heavily indebted at the time of the conveyance, and on November 3, 1897, made a voluntary assignment of his property for the benefit of creditors to the defendant; that the defendant as such assignee thereafter brought action against the plaintiff and her husband and Mary Brooks to set aside such conveyances in fraud of creditors, and that judgment in such action was rendered adjudging that the same were made with the intent and purpose on the part of both *plaintiff* and her husband to hinder, delay, and defraud the husband's creditors, and setting the same aside, and transferring title to said lands to the defendant as assignee, which judgment was affirmed by this court upon appeal, with certain modifications not material here. *Crocker v. Huntzicker,* 113 Wis. 181, 88 N. W. 232. Upon these facts the trial court concluded that the plaintiff by her participation in the fraudulent conveyance aforesaid had placed herself in such a position that a court of equity would not grant her relief and dismissed the complaint. From this judgment the plaintiff appeals.

The respondent claimed in the trial court and claims here: (1) An inchoate right of dower is not such an incumbrance on land or interest therein as will entitle its owner to maintain an action under sec. 3186, *supra;* and (2) that the former judgment in the case of *Crocker v. Huntzicker, supra,* is *res judicata* and bars the plaintiff's claim. The trial court did not pass on these questions because it reached the conclusion that the plaintiff did not come into court with clean hands, but we find it necessary to consider and determine them.

1. Our statute, sec. 3186, Stats. (1898), after providing that any person having the legal title to lands may institute

an action against another who sets up a claim thereto, further provides that any person not having such title or possession, but having any *lien or incumbrance* on land, shall have the same right of action to test the validity of any other claim, lien, or incumbrance thereon. This court held in a very early decision that an outstanding inchoate right of dower is an incumbrance on land. *Wright v. Young,* 6 Wis. 127. So the plaintiff comes within the very terms of the statute authorizing the holder of an incumbrance to bring the action. Not only this, but it was held in *Madigan v. Walsh,* 22 Wis. 501, that an inchoate right of dower is such an interest in land as will enable a wife to bring action to remove a cloud thereon, and the principle that such right is an interest in land was reaffirmed in *Weston v. Weston,* 46 Wis. 130, 49 N. W. 834, and *Hausmann Bros. Mfg. Co. v. Kempfert,* 93 Wis. 587, 67 N. W. 1136. There can be no doubt, therefore, as to the plaintiff's right to bring this action.

2. The judgment in the assignee's former action, to which action the present plaintiff was a party defendant, in terms divested the plaintiff of all right, title, and interest in the land in question and transferred the same to the assignee, and it is claimed that this judgment is *res judicata* and estops the plaintiff from claiming her inchoate right of dower therein. Inspection of the pleadings in the former action shows that the plaintiff's dower right was not attacked in the complaint nor set up by the answer. There was no issue raised, litigated, or decided in that action touching the right of dower. The issue simply was whether the deed to Mary Brooks was fraudulent as to creditors, and the general terms of the judgment must be construed in the light of the issue litigated. The cause of action here is entirely different from the cause of action litigated in the former action. Had the assignee chosen to attack the right of dower in the former action, or had the present plaintiff claimed the right in that action, probably the judgment, which in broad terms divested her of

any right or claim to the lands, would have operated to cut off her dower right, but such was not the case. A judgment is a complete bar in a subsequent action between the same parties, not only as to every point actually presented and decided in the former action, but also as to every point which might have been presented and decided therein when the second action is upon the same cause of action; but when the second action is upon a different claim or cause of action, the former judgment is only a bar as to matters actually presented and litigated therein. *Wentworth v. Racine Co.* 99 Wis. 26, 74 N. W. 551; *Grunert v. Spalding,* 104 Wis. 193, 80 N. W. 589. The question of the present plaintiff's dower right in the lands not having been presented, litigated, or determined in the former action, the judgment therein is not *res judicata* upon that question in the present action, notwithstanding its broad terms, because the cause of action is an entirely different one.

3. This brings us naturally and logically to the discussion of the question upon which the case was made to turn in the trial court. The principle that a plaintiff who asks affirmative relief must have clean hands before the court will entertain his plea is both ancient and universally accepted. It is not always easy, however, to apply the abstract doctrine to a particular case, because its limits are ill defined, and the circumstances under which it is invoked are necessarily of infinite variety. It does not mean that misconduct not connected with the matter in litigation and in no way affecting the opposite party will deprive a suitor of relief. Equity does not demand that its suitors shall have led blameless and pure lives. If it did, the chancellor's court would be little frequented. The general principle simply is that he who has been guilty of substantial misconduct "in regard to, or at all events connected with, the matter in litigation, so that it has in some measure affected the equitable relations subsisting between the two parties and arising out of the trans-

action," shall not be afforded relief when he comes into court
as an actor seeking to set the judicial machinery in motion.
Dower is highly favored in the law. There is no doubt that
the general principle is firmly, if not universally, established
that where a wife simply joins her husband in a deed of his
land, which deed is fraudulent and void as to creditors, her
right to dower is revived as against such creditors or their
assigns when such deed is set aside. 1 Washb. Real Prop.
(6th ed.) § 426; 1 Scribner, Dower (2d ed.) ch. 30; *Rob-
inson v. Bates,* 3 Met. 40; *Wyman v. Fox,* 59 Me. 100; *Rich-
ardson v. Wyman,* 62 Me. 280; *Malloney v. Horan,* 49 N. Y.
111; *Summers v. Babb,* 13 Ill. 483; *Frederick v. Emig,*
186 Ill. 319, 322, 57 N. E. 883; *Whitney v. Marshall,* 138
Ind. 472, 37 N. E. 964; *Rupe v. Hadley,* 113 Ind. 416, 16
N. E. 391; *Woodworth v. Paige,* 5 Ohio St. 70; *Ridgway v.
Masting,* 23 Ohio St. 294; *Dugan v. Massey,* 6 Bush, 81;
*Bohannon v. Combs,* 97 Mo. 446, 11 S. W. 232; *Humes v.
Scruggs,* 64 Ala. 40; *Cox v. Wilder,* 2 Dill. 45, Fed. Cas. No.
3,308; *McFarland v. Goodman,* 6 Biss. 111, Fed. Cas. No.
8,789. The doctrine was approved by this court after due
consideration in *Munger v. Perkins,* 62 Wis. 499, 22 N. W.
511, and reaffirmed in *Brothers v. Bank of Kaukauna,* 84
Wis. 381, 396, 54 N. W. 786. In the long list of foreign
cases above cited the wife or widow was the plaintiff or peti-
tioner in twelve cases, and in *Robinson v. Bates, Wyman v.
Fox,* and *Woodworth v. Paige* it affirmatively appeared that
she participated in the fraudulent purpose, while it seems
quite certain from the nature of the transactions that she
must have so participated in *Malloney v. Horan* and *Fred-
erick v. Emig,* although the opinions do not affirmatively so
state. Yet in none of these cases was it held or intimated that
her participation would bar her from seeking the aid of the
court to establish her dower right. It is to be noted also that
*Robinson v. Bates, Malloney v. Horan,* and *Woodworth v.
Paige* (all cases of participation by the wife in the fraudu-

lent intent) were cited and relied on by this court in *Munger v. Perkins*.

The argument in support of the present judgment is that the plaintiff, by joining with her husband in his fraudulent purpose, became an active participant in his scheme to hinder and delay his creditors and thus was guilty of an act of misconduct connected with the matter in litigation affecting the equitable relations between the parties. On the other hand, the argument is that her signature to the deed conveyed nothing, and did not hinder the creditors nor deprive them of any property which they could seize in satisfaction of their claims. However persuasive the respondent's argument might appear to us were this an entirely new question, we feel that we cannot disregard the long line of authorities holding in effect that, when the fraudulent deed is avoided, the wife's dower rights become at once restored as against the creditors, which cases neither recognize nor suggest any difference in the situation whether the wife participates in the intent or not.

It follows that the judgment must be reversed.

*By the Court.*—Judgment reversed, and action remanded with directions to render judgment in accordance. with the prayer of the complaint.