O'MALLEY and others, Respondents, vs. MILLER and wife, Appellants.

*February 1—February 20, 1912.*

*Vendor and purchaser of land: Specific performance: Parties: Wife refusing to join in deed: Dower: Deduction from price: Pleading: Demurrer: Tender.*

1. Although the wife of the owner of land was not a party to a contract for the sale thereof she is a proper party defendant to an action by the vendee for specific performance, because, having an inchoate right of dower, her interest is adverse to the plaintiff within the meaning of sec. 2603, Stats. (1898).

2. The vendee in such a case is entitled, if the wife refuses to join in a deed to him, to retain from the purchase price a sum equal to the value of the contingent dower interest; and the wife ought to have her day in court on the question of such value.

3. A proper party defendant cannot successfully demur to the complaint on the ground that he is not a necessary party.

4. Tender of the purchase price of land *held* to be sufficiently pleaded.

Appeal from an order of the circuit court for St. Croix county: E. W. Helms, Circuit Judge. *Affirmed.*

The cause was submitted for the appellants on the brief of *Jesse S. Field,* and for the respondents on that of *White & Skogmo.*

Vinje, J.    This is an action for the specific performance of a contract for the sale of land, and for damages in case title cannot be made good or a conveyance decreed.    Plaintiffs joined defendant's wife, who was not a party to the contract of sale.    The only allegation in the complaint touching her is as follows: "That said defendant *Eliza Miller* is the wife of the said defendant *H. S. Miller* and as such claims a right of dower in said premises." ˙ Each defendant entered a separate general demurrer.    On behalf of the wife it is urged that the complaint fails to set forth any facts connecting her with the subject matter of the suit and therefore she is neither a necessary nor a proper party.    Being the wife of the defendant who is the owner of the land in controversy, she has, as is alleged in the complaint, an inchoate right of dower therein, and her interest is adverse to the plaintiffs within the meaning of sec. 2603, Stats. (1898).    *Foster v. Hickox,* 38 Wis. 408; *Hausmann Bros. Mfg. Co. v. Kempfert,* 93 Wis. 587, 67 N. W. 1136; *Hunt v. McDonald,* 124 Wis. 82, 102 N. W. 318; *Mash v. Bloom,* 126 Wis. 385, 105 N. W. 381; *Huntzicker v. Crocker,* 135 Wis. 38, 115 N. W. 340.    True, not having joined in the contract of sale, she is not a necessary party. *Foster v. Hickox,* 38 Wis. 408; *Hunt v. McDonald, supra.* But being a proper party defendant, she cannot successfully demur on the ground that she is not a necessary party.    *Foster v. Hickox, supra.*    Should the wife refuse to join in the deed and release her dower interest, it might become necessary to determine the value thereof and deduct it from the purchase price.    For in a case where the wife of the vendor refuses to join to bar her dower right the vendee has the op-

tion to decline to take a deed from the husband alone, and sue for breach of the contract, or he may accept such deed as part performance and retain from the purchase price a sum equal to the value of the wife's contingent interest. *Wright v. Young,* 6 Wis. 127; *Conrad v. Schwamb,* 53 Wis. 372, 378, 10 N. W. 395; *Zebley v. Sears,* 38 Iowa, 507; *Hession v. Linastruth,* 96 Iowa, 483, 65 N. W. 399; *Noecker v. Wallingford,* 133 Iowa, 605, 111 N. W. 37; *Park v. Johnson,* 86 Mass. 259; *Hazelrig v. Hutson,* 18 Ind. 481; Pomeroy, Spec. Perf. sec. 462. The case of *Wright v. Young, supra,* points out how the value of such an interest should be ascertained. If the contingency suggested should arise, the wife ought to have her day in court on the question of the value of her dower interest, and she was for that reason alone properly made a party defendant.

The only contention in support of the husband's demurrer is that there is no sufficient allegation of a tender. The complaint alleges "that by the terms of said contract said plaintiffs were to and did pay the sum of $1,400 in cash at the date of said contract, and were to pay the further sum of $14,000 sixty days from the date of said contract, at River Falls, Wisconsin." It further alleges:

"That on the 28th day of November, 1910 (being the sixtieth day), said plaintiffs, pursuant to the terms of said contract, came to River Falls, Wisconsin, with $14,000 in United States legal tender, and did then and there make due and legal tender of said money to said defendant *H. S. Miller,* and demanded said deed and abstract and possession of said premises, and said defendant *H. S. Miller* then and there wholly failed, neglected, and refused to deliver said warranty deed and said abstract of title to said plaintiffs and has ever since so refused."

Counsel for appellants claims that the allegations as to tender are insufficient because they are doubtful, uncertain, and ambiguous. But he inadvertently or studiously omits to point out wherein they are so. As we are unable to discern

the alleged insufficiency, we quite naturally reach the conclusion that it does not exist. The complaint undoubtedly states a good tender, and argument to support such a conclusion would serve only to confuse what is plain.

*By the Court.*—Order affirmed.