BERNARD HUFNAGEL AND MARIE T. HUFNAGLE, RESPONDENTS, *v.* THE VILLAGE OF MT. VERNON, APPELLANT.

*Misjoinder of parties and causes of action—action by a husband and wife for damages, each of whom has held the premises injured in severalty different portions of the time during which the damages accrued.*

In an action, brought to recover damages alleged to have been caused to certain real property by the maintenance of a nuisance, the complaint stated that the plaintiff Bernard Hufnagel became the owner of certain premises in the village of Mt. Vernon; that he thereafter conveyed them to his wife, his co-plaintiff, and she thereafter reconveyed the same to him; that during all such time he had occupied the premises, and the defendant, an incorporated village, had discharged its sewers into the stream which flowed through them and rendered the stream foul and the plaintiffs' premises unsalable and dangerous. The husband and wife were co-plaintiffs and sought a joint recovery of damages.

*Held,* that a demurrer interposed by the defendant on the ground that there was a misjoinder of plaintiffs and that two causes of action were improperly joined, should have been sustained as the wife should have sued alone for the injury done to the property while she owned it, and the husband was not a necessary or proper party to such an action, and he also should have sued alone for the injury done to the property while it was owned by him,

APPEAL by the defendant from an interlocutory judgment entered in Westchester county upon the decision of this case at the Westchester Special Term, overruling the defendant's amended demurrer to the plaintiff's complaint.

The action was brought to recover damages claimed to have been caused to certain real estate by the alleged maintenance of a nuisance. The complaint alleged that about 186— the plaintiff Bernard Hufnagel became the owner of certain premises in the village of Mt. Vernon; that thereafter he conveyed the same to his wife, the plaintiff Marie T. Hufnagel; that she thereafter reconveyed them to him; that all the time that he has occupied the premises, and for several years the incorporated village of Mt. Vernon has discharged several sewers into a living stream which always naturally flowed through the said premises, and thereby rendered the said stream, which was naturally pure, foul and offensive and a serious nuisance.

*Isaac N. Mills*, for the appellant.

*Mornay Williams*, for the respondents.

Pratt, J.:

This is an appeal from an interlocutory judgment, entered upon a decision overruling defendant's amended demurrer to the complaint. The action is brought to recover damages claimed to have been caused to certain premises, real property, by the alleged maintenance of a nuisance. In brief, the complaint alleges that about the plaintiff, Bernard Hufnagel, became the owner of certain premises in the village of Mt. Vernon, that thereafter he conveyed them to his wife, the other plaintiff, and that she thereafter conveyed the same to him, and that all the time he has occupied the premises, and that the defendant has discharged its sewers into the stream which flowed through the premises and rendered the same foul and offensive, and rendered his premises unsalable and dangerous. Husband and wife are co-plaintiffs and seek a joint recovery of damages.

The demurrer is, first, misjoinder of parties plaintiff; second, causes of action improperly united; and, third, that complaint fails to state a cause of action in favor of both plaintiffs. There was a misjoinder of plaintiffs and two actions were improperly joined. The wife could sue alone for injury to her property while she owned it alone, and her husband was not a necessary or proper party to such action, and the same may be said of the plaintiff Bernard.

The authorities are too uniform and numerous to require citation. The rule is that the husband is not a necessary or proper party with the wife in an action by or against her respecting her separate estate. (*Baum* v. *Mullen*, 47 N. Y., 578; *Lore* v. *Dierkes*, 51 N. Y. Supr. Ct. [19 J. & S.], 144; *Beardsley* v. *Duntley*, 69 id., 580; *Jaynes* v. *Jaynes*, 39 Hun, 42; *Fitzgerald* v. *Quann*, 33 id., 654) What kind of a verdict could be rendered in such a case? The damages are not the same in nature or amount and the causes of action are distinct and dissimilar. The cases cited by respondents have no application.

The case of *Simar* v. *Canaday* (53 N. Y., 298) was for damages for fraudulent representations by which the husband and wife had been induced to jointly execute a deed by which she had been

deprived of her inchoate right of dower. The case of *Ingraham* v. *Baldwin* (9 N. Y., 46) related to property rights existing before the law of 1848 in respect to the rights of married women. But both of these cases related to the entire fee or interest in the property; in this case no such question is involved, but the damages are to the possession or personal in their nature. The two plaintiffs are not similarly affected by the nuisance, and the amount of damages would differ in the two actions. Therefore, it is not necessary to discuss what would be the rule of damages in this case.

The judgment should be reversed, and the demurrer sustained.

BARNARD, P. J., concurred; DYKMAN, J., not sitting.

Order overruling demurrer to complaint and judgment reversed, and demurrer sustained with costs.