Swihart vs. Harless and others.

SWIHART, Respondent, vs. HARLESS and others, imp., Appellants.

*April 15 — May 1, 1896.*

| 93 | 211 |
| 102 | 348 |
| 93 | 211 |
| 110 | ¹383 |
| f110 | ¹384 |

*Equity: Setting aside fraudulent title: Public lands: Joinder of causes of action and of parties: Husband and wife.*

1. A complaint alleging that two of the defendants held school-land certificates belonging to the plaintiff as security for a loan, and that they refused to accept payment of the loan when tendered, but fraudulently procured patents to be issued to themselves and then sold the lands to two other defendants and granted a right to cut timber thereon to another, under which timber has already

been cut, and that all of the last-mentioned defendants had knowl-edge of plaintiff's right and interest in the lands when they pur-chased, is *held* to state a cause of action for equitable relief by setting aside the results of the fraud and compelling a conveyance of the title to plaintiff.

2. Incidental to such relief it was proper also to include in the action a claim for damages for the cutting of the timber; and such claim does not make the complaint multifarious, since it is a claim nec-essarily connected with and growing out of the fraudulent pro-curement of the title, and the defendants are all more or less concerned in the same general subject of the litigation.

3. The wives of the defendants who participated in the fraud and are now asserting ownership or substantial rights in the lands are proper, though perhaps not necessary, parties defendant.

APPEAL from an order of the circuit court for Chippewa county: R. D. MARSHALL, Circuit Judge. *Affirmed.*

The amended complaint alleges, in substance, that the plaintiff is the owner of the N. E. ¼ of section 35, township 28 N., of range No. 5 W., in Chippewa county, Wisconsin, and was in the possession thereof until the same was taken posses-sion of by the appellants. Ten or fifteen acres of the land is meadow land, and the balance covered with timber, alleged altogether to be worth $4,500. The lands originally were school and university lands, and were sold by the state to W. V. Baker on October 4, 1869, and certificates of sale issued, numbered 2,194, 2,195, 2,196, and 2,197, each for a separate forty acres of the land. The amount remaining unpaid to the state was $148. On November 15, 1869, Baker sold the first three certificates and forties to defendant C. E. Dusenberry, and the fourth to defendants Dusenberry and Anthony, and duly assigned the certificates, by an in-dorsement on the back of each thereof, to the said several parties. That thereafter, on October 1, 1890, the said de-fendants Dusenberry and Anthony entered into a contract with the plaintiff for the sale of said several certificates and the said lands; by virtue of which contract the plaintiff paid to said defendants Dusenberry and Anthony, at the time of

making said contract, the sum of $300, and thereafter paid thereon to said defendants the sum of $1,000, together with the taxes which had accrued thereon, and also paid to the proper officers of the state of Wisconsin interest which became due and payable from year to year thereon; by virtue of which agreement said several certificates, together with the notes which plaintiff gave to said defendants Dusenberry and Anthony for the unpaid portion of the amount agreed to be paid by virtue of said contract, were deposited with the cashier of the First National Bank of Chippewa Falls, by which agreement the said defendants Dusenberry and Anthony agreed to assign to plaintiff the said several certificates, when requested, but subject to the payment by the plaintiff of the balance due to said defendants Dusenberry and Anthony in accordance with said contract. That thereafter said defendants Dusenberry and Anthony duly transferred, assigned, and conveyed the said school-land certificates and the said land to this plaintiff. That on the 1st day of June, 1892, the plaintiff and the defendants *Harless* and *Grindle* made an agreement whereby *Harless* and *Grindle* advanced the balance due and owing the defendants Dusenberry and Anthony, to wit, $556.21, which sum plaintiff agreed to pay to the defendants *Harless* and *Grindle* on the 1st day of June, 1893, with interest thereon at the rate of seven per cent. per annum from said 1st day of June, 1892, until paid. They further agreed that the possession of said certificates should be transferred from said cashier to the county treasurer of Chippewa county, to be by him held until said sum and interest were fully paid, upon the payment of which the said certificates should be surrendered to plaintiff. That said full amount, with interest, was tendered to said defendants *Harless* and *Grindle* before the commencement of this action. That said plaintiff, before the commencement of this action, offered to comply with the terms of said certificates, and tendered to the proper officers of

the state the amount unpaid and properly due thereon, and requested the said officers to issue patents on said lands to him, but which was refused. That the defendants *Harless* and *Grindle*, with intent to defraud the plaintiff, and without the knowledge or consent of plaintiff, obtained the said certificates from the county treasurer, and caused an assignment to be indorsed upon the back of each thereof in due form of law, and caused said certificates to be surrendered to the school-land commissioners about the 14th day of April, 1893, and obtained from said school-land commissioners a patent to be issued to the defendants *Harless* and *Grindle*, purporting to convey to them an absolute title to said lands and each and every part thereof, and caused the same to be duly recorded in the office of the register of deeds in and for Chippewa county, Wis. That thereafter, and before the commencement of this action, the defendants *Harless* and *Grindle, Manier, Ritter*, and *Smith* cut valuable timber growing on said lands, and removed the same, to the plaintiff's damage $1,000. That the said defendants *Harless* and *Grindle*, and their wives, sold and conveyed to the defendant *Manier* eighty acres, and to the defendant *Ritter* the other eighty acres, of said land, which lands, respectively, the said defendants *Manier* and *Ritter* have taken possession of, but with full knowledge of the plaintiff's rights in the same.

Plaintiff further alleges that the timber already cut is of great value, and that he is damaged thereby, and that he has fully performed his part of the contract with the state, and paid all the interest on said certificates, and the taxes assessed on said lands, and that the said several defendants, by virtue of the patent from the state and the conveyances of defendants *Harless* and *Grindle* to *Manier* and *Ritter* as aforesaid, hold the record title in fee of the lands, and the possession thereof, and assert ownership of the same.

Prayer for relief is that the patent issued to the said *Har-*

*less* and *Grindle*, and the said deeds to *Manier* and *Ritter*, be declared void, and the defendants be, required to convey the lands to plaintiff; that the defendants Dusenberry and Anthony be barred and foreclosed of all their right, title, and interest in the lands, and that the wives of the defendants be barred of all dower interest; that the contract between the defendants *Harless* and *Grindle* and the defendant *Smith* be set aside, and that all the defendants be restrained from cutting and carrying away the timber and injuring the lands; and for damages for wrongfully injuring the lands by cutting timber, etc.; and for such other and further relief, etc., as may be just.

The defendants *Harless* and wife, *Grindle* and wife, *Manier* and wife, *Ritter* and wife, and *Smith*, separately demurred. Each demurrer was based on two grounds, viz.: (1) That several causes of action have been improperly united; (2) that the amended complaint does not state facts sufficient to constitute a cause of action. From an order overruling said several demurrers the demurrants appealed.

The cause was submitted for the appellants on the brief of *Jenkins & Jenkins*, and for the respondent on that of *J. F. Ellis*.

For the appellants it was contended, *inter alia*, that there is no force in the reason given in the complaint for joining the wives of the defendants, i. e. that they would be entitled to dower in the lands. A judgment against the husbands would operate to extinguish the right of the wives. 1 Lead. Cas. Am. Law of Real Prop. 332; 5 Am. & Eng. Ency. of Law, 888; *Beardslee v. Beardslee*, 5 Barb. 324; *Poor v. Horton*, 15 id. 485; 1 Washb. Real Prop. (5th ed.), 267; 4 Kent, Comm. 48.

WINSLOW, J. The complaint charges, in substance, that the defendants *Harless* and *Grindle* held school-land certificates belonging to the plaintiff as security for a loan, and

that they refused to accept payment of said loan when tendered, but fraudulently procured patents to be issued to themselves, and then sold the property to the defendants *Manier* and *Ritter*, and granted a right of cutting timber thereon to the defendant *Smith*, under which timber has already been cut, and that all of said last-named defendants had knowledge of the plaintiff's right and interest in the land when they purchased. That these facts present a proper case for the exercise of equitable jurisdiction, there can be no doubt, since the decision of the case of *Burrows v. Rutledge*, 76 Wis. 22. The plaintiff has no paper title to the lands in question. According to the allegations of the complaint, the defendants have fraudulently procured the paper title and taken possession of the land. Fraud is the foundation of the action, and the principal relief sought is the setting aside of the results of the fraud, and compelling the defendants to convey the title so fraudulently acquired to its proper owner. As incidental to this relief it is proper also to include in the action a claim for damages for the timber cut upon the property; nor does such a claim make the complaint multifarious. The grounds of action are necessarily connected together. They "arise out of one and the same transaction, or a series of transactions forming one course of dealing and all tending to one end," namely, fraudulently depriving the plaintiff of his land and timber. It is not necessary that all the defendants should be equally interested, if they are all more or less concerned in the same general subject of the litigation. *Douglas Co. v. Walbridge*, 38 Wis. 179. The claim for damages for the cutting of timber by the defendants is a claim necessarily connected with, and growing out of, the fraudulent procurement of the title; and, the jurisdiction of equity being properly invoked to reveal and correct the fraudulent state of the title, such damages may be properly awarded to the plaintiff, as incidental to the main relief sought. Story, Eq. Jur. (12th ed.), § 796.

The wives of the defendants who participated in the fraud and are now asserting ownership or substantial rights in the real estate in question are proper parties defendant, though perhaps not necessary parties.

*By the Court.*— Order affirmed.

MARSHALL, J., took no part.