TRUSTEES OF ST. CLARA FEMALE ACADEMY OF SINSINAWA MOUND OF THE STATE OF WISCONSIN, Respondent, vs. THE NORTHWESTERN NATIONAL INSURANCE COMPANY OF MILWAUKEE, WISCONSIN, Appellant.

SAME, Respondent, vs. THE DELAWARE INSURANCE COMPANY, Appellant.

SAME, Respondent, vs. THE MILWAUKEE MECHANICS' INSURANCE COMPANY, Appellant.

SAME, Respondent, vs. THE ROCKFORD INSURANCE COMPANY, Appellant.

*November 25, 1898 — January 10, 1899.*

*Insurance against fire: Indemnification: Amendment of pleading: Discretion.*

In an action upon insurance policies for loss of a building burned while in course of erection, the defendants, more than three years after the commencement of the action, and after there had been two trials and two appeals, applied, just upon the eve of a third trial, for leave to amend their answers by alleging as a further defense that plaintiffs had been indemnified by the contractor rebuilding the building at his own expense. The facts in regard to such alleged indemnification were as well known to the defendants when they filed their original answers as when they asked leave to amend. It was a matter in dispute whether plaintiffs were not liable to pay the contractor, in consideration of such rebuilding, a large sum in addition to the original contract price, and an action to test that question was pending when the motion to amend was made, and, after that motion had been denied, the plaintiffs were found to be so liable. *Held,* that there was no abuse of discretion in denying leave to amend.

APPEALS from judgments and orders of the circuit court for Dane county: R. G. SIEBECKER, Circuit Judge. *Affirmed.*

These are four actions upon fire insurance policies. The actions have been in this court twice before, and will be found reported in 93 Wis. 57, and 98 Wis. 257, where the leading facts will be found so fully stated that it is not

St. Clara Female Academy vs. Northwestern Nat. Ins. Co. and others.

deemed necessary to state them again here. After the cases were remitted pursuant to the mandate upon the last appeal, and on the 8th day of April, 1898, being three days before the opening of the April term of the Dane county circuit court, the defendants moved in that court for leave to amend their answers so as to set up the fact that the plaintiffs, before the commencement of this action, had been indemnified by McAlpine, the contractor, for the building which was burned, by his erection of an entirely new building without extra cost to the plaintiffs, except in the sum of $1,800, which amount they offered to pay into court. This motion was opposed by affidavits on the part of the plaintiffs, and was denied; and thereupon judgment for the full amounts of the policies went against the defendants severally on the admissions of their answers, and a stay of proceedings was granted for thirty days. On the 26th of May following, judgment was rendered in the action brought by McAlpine against the trustees (see case of *McAlpine v. Trustees, post,* p. 468), in which, among other things, McAlpine was held to be entitled to recover from the plaintiffs in this action $5,690.20 of the insurance money which had been recovered by the trustees in the present action, and was entitled to a lien upon the said judgment for such amount. Upon the entry of this judgment, the defendants severally moved the court for leave to pay to the court or to the plaintiffs their proportionate shares of the amount so found due McAlpine, and that the residue of the judgments against them be satisfied or stayed. These motions were denied, whereupon the defendants severally appealed from the judgments and from orders denying said last-named motions.

For the appellants there were briefs by *H. W. Chynoweth* and *F. J. & C. F. Lamb,* and oral argument by *C. F. Lamb* and *H. W. Chynoweth.*

For the respondent there was a brief by *Bashford, Aylward & Spensley,* and oral argument by *R. M. Bashford.*

St. Clara Female Academy vs. Northwestern Nat. Ins. Co. and others.

Winslow, J.   The defendants are entirely right in their claim that an ordinary contract of fire insurance is a mere contract of indemnity.   *Seamans v. Knapp-Stout & Co. Company,* 89 Wis. 171.   The fact (if it was a fact) that plaintiffs had been indemnified for their loss by the contractor, McAlpine, was not, however, pleaded by the defendants in their original answer, although the building had been rebuilt at that time, and the defendants were as fully informed with regard to the alleged indemnification and the terms of the building contract at that time as they ever were.   This defense not having been pleaded, it was held by this court, on the last preceding appeal, to be unavailable.   98 Wis. 257–259.   Thereupon, and just upon the eve of a new trial, the defendants moved to amend their answers, upon which they had stood for more than three years, during which two trials had been had in the circuit court and two hearings upon appeal in this court, and add thereto the defense of indemnification, based upon facts which existed and of which they were informed at the time they served their first answers. Such tardy applications to amend the pleadings, and introduce new causes of action or defenses which have been long known to the moving parties, are not regarded with special favor by the courts.   *Ryan v. Rockford Ins. Co.* 85 Wis. 573.   When such applications are denied in the exercise of the discretion of the court, the order will not be reversed by this court unless it appears that there was an abuse of discretion.   *Phœnix Mut. L. Ins. Co. v. Walrath,* 53 Wis. 669. We do not think there was an abuse of discretion in denying the application in the present case.   We do not place this decision entirely on the ground of the long and unexplained delay, but upon a ground more nearly approaching the merits, which will be briefly stated.

As has been said, the contracts of insurance are contracts of indemnity.   The proposed defense was a defense that the trustees had been indemnified by the rebuilding by the

contractor at his own expense, pursuant to the terms of the contract. Now, the rebuilding of the building alone would not constitute indemnification, but it must have been rebuilt for the original contract price, so that the trustees would not be obliged to pay any additional sum on account of the building. It appeared that there was a very serious dispute between the trustees and the contractor as to whether the trustees were not liable to pay the contractor, in considera- tion of his erection of the new building, a large sum of dam- ages in addition to the original contract price, because of their failure to obtain insurance as agreed in the contract. It is true that it could not be determined in this action how that dispute would terminate; but the action to test that question between McAlpine and the trustees was pending and undecided, and it had already appeared in the former proceedings in this very action that, if the trustees were to escape liability to McAlpine for a large sum of money in ad- dition to the original contract price, it must be by means of uncertain evidence of an oral waiver by McAlpine of the written condition for insurance in the building contract. All of these facts were entitled to be taken into considera- tion by the court in determining the question as to whether an amendment setting up indemnification ought to be al- lowed at the late date when it was applied for. The court knew, in substance, what the evidence would be on the ques- tion in dispute between McAlpine and the trustees, and un- doubtedly considered that the prospect of ultimate success by the trustees as against McAlpine's claim was slight,— a view which was justified by the final outcome of that case in this court, by which it is determined that the trustees were not indemnified by McAlpine, but are subjected to a judg- ment for damages in his favor amounting to over $12,000. So, it now appears affirmatively that the supposed defense of indemnification did not, as matter of fact, exist. This

seems to dispose of the questions raised by the appellants conclusively.

*By the Court.*—Judgments and orders appealed from affirmed.