FIELD and others, Appellants, vs. HECKMAN, Respondent.

*June 4—June 18, 1903.*

*Default judgments: Vacating: Discretion: Costs: Immaterial error: Justices' courts: Second adjournment: Loss of jurisdiction.*

1. While a trial court has broad powers as to judgments by default, enabling it to relieve a party therefrom for fraud of one obtaining the judgment, or surprise, mistake or excusable neglect, upon application therefor being seasonably made, it cannot properly act arbitrarily in such a matter. Its action should always be based upon some legitimate ground, the end in view being to promote justice along the lines of those remedies for wrongs which the law affords to litigants.
2. If the affidavits upon which an order setting aside a default judgment is granted do not indicate some injustice to the moving party, actual or probable, and some reasonable excuse for his failure to be present at the trial of the cause, and for not moving to set aside the judgment promptly on receiving notice thereof, such order must be held erroneous.
3. The taxation of costs is a mere incidental effect of a judgment. Failure to obtain a hearing at the taxation thereof, or the excessive amount in fact taxed, furnish no ground for setting aside and vacating a judgment.
4. On a motion to set aside and vacate a judgment, it appeared, among other things, that the cause had been on the calendar three terms and was finally called for hearing and judgment of default entered in plaintiff's favor for costs; that the action came to the circuit court on plaintiff's appeal from a judgment of a justice's court dismissing the action because the justice had lost jurisdiction, and that the appeal had been taken without any affidavit making a new trial in the circuit court possible. It was stated in the moving affidavit that defendant had

a good defense to plaintiff's cause of action. The circuit court granted the motion on the grounds that the failure of defendant to be present was sufficiently excused, and that the costs taxed were excessive. No complaint was made that the judgment itself was wrong. *Held*, that whether plaintiff had a good cause of action was not directly involved in the motion, the only question presented by the appeal being whether the justice properly decided that his jurisdiction had terminated.

5. On appeal from a justice's judgment plaintiff secured a default judgment of reversal. Defendant moved to set aside and vacate the judgment on grounds excusing his failure to be present on the trial. The moving affidavit, verified by defendant's attorney, alleged that it was understood between the attorneys for the respective parties that the case would be taken up for trial only on notice; that the cause had been allowed to lose its place on the calendar, and was taken up by plaintiff's attorney and judgment obtained, defendant's attorney having no information thereof; that two days thereafter notice of taxation of costs, with proposed cost bill, was served on defendant's attorney; that defendant's attorney attended at the time and place noticed for taxation of costs, but plaintiff' attorney being absent he went away, after telling the clerk to notify him, and he heard nothing more about the matter until nine days later his client informed him that execution had issued. Prior to judgment of reversal plaintiff had endeavored to avoid the effect of the appeal by satisfying the judgment of the lower court, and had brought his action in that regard to the attention of the circuit court. *Held*, that no excuse was stated justifying an order setting aside and vacating the judgment of reversal.

6. In such case, it conclusively appeared that the reversal of the justice's judgment was not the ground of the plaintiff's complaint, but, on the contrary, failure to be heard on the taxation of costs, and that the only legitimate objection to the costs, as taxed, was the inclusion therein of a sum about equal to reasonable terms for setting aside the taxation. *Held*, that if the trial court had allowed the judgment for costs to stand as taxed no injustice would have been inflicted.

7. Sec. 3631, Stats. 1898, provides that in justices' courts no second adjournment shall be allowed, unless the moving party shall satisfy the justice by oath that he cannot proceed to trial for want of some material witness, that he has used due diligence to obtain the same, etc. Subd. 11, sec. 3626, provides that if an amendment be made after the joining of issue, or answer be made after adjournment, and it be made to appear to the

satisfaction of the court by oath that an adjournment is nec-
essary to the adverse party in consequence thereof, an ad-
journment shall be granted. In an action in justice's court, it
appeared that the defendant demurred to the complaint, that
the cause was adjourned one week, and that on the adjourned
day the demurrer was overruled and defendant answered,
whereupon the justice granted plaintiff's motion for an ad-
journment as terms of allowing the answer to be filed, plaint-
iff showing grounds for such adjournment. *Held*, that it was
error for the justice to dismiss the action on the ground that
by such second adjournment he had lost jurisdiction.

APPEAL from an order of the circuit court for Outagamie
county: JOHN GOODLAND, Circuit Judge. *Reversed.*

The action was commenced in justice's court. On the re-
turn day plaintiffs filed a complaint, defendant demurred
thereto, and the cause was then adjourned for one week.
Upon the adjourned day the demurrer was overruled and de-
fendant answered, the court granting plaintiffs' motion for
an adjournment as terms of allowing the answer to be filed,
plaintiffs showing grounds for such adjournment. The de-
fendant objected to the adjournment. Upon the second day
defendant appeared specially and moved to dismiss the cause
upon the ground that the court by the second adjournment
lost jurisdiction. The motion was granted, judgment being
rendered in defendant's favor for $14 costs. Plaintiffs ap-
pealed to the circuit court, not making, however, any affida-
vit for a trial *de novo*. The cause was on the calendar in such
court for three terms. It was finally called for hearing,
plaintiffs appeared, and judgment was entered reversing the
judgment of the justice, with costs in favor of plaintiffs.
Thereafter, upon due notice and affidavits, the judgment was
set aside and the cause ordered to stand for trial. The grounds
for such action were that the failure of the defendant to be
present upon the former trial was sufficiently excused and the
costs taxed were excessive from the fact that $14 was included
therein as and for the judgment for costs rendered against the
plaintiffs in justice's court, which judgment had not been paid

by plaintiffs, except so far as necessary to perfect the appeal
and, as regards the defendant's interest therein, had been re-
leased. No complaint was made in the moving affidavits for
relief upon the ground that the judgment was improper in
form or excessive. The sole ground was that defendant,
through surprise, improper conduct of plaintiffs' attorney, or
excusable neglect, had lost the right to a hearing of the ap-
peal upon the merits. The affidavit in his behalf was made
by his attorney. It was to this effect: It was understood be-
tween the attorneys for the respective parties that the case
would be taken up for trial only upon notice. There was
only an issue of law to be heard,—one going to the jurisdic-
tion of the justice of the peace. The cause was allowed to
lose its place on the calendar or become so circumstanced that
an arbitrary taking up of the same by the attorney for one
party, in the absence of the attorney for the other, was in bad
faith. It was taken up by plaintiffs' attorney October 28,
1902, defendant's attorney having no information thereof,
and the judgment complained of obtained. Two days there-
after notice of the taxation of costs, with a proposed cost bill,
was served on defendant's attorney, informing him that the
costs would be taxed by the clerk of the circuit court on No-
vember 10 thereafter at 11:30 a. m. At such time defend-
ant's attorney appeared at such office to attend upon such tax-
tion. Plaintiffs' attorney not being present defendant's at-
torney went away, telling the clerk to notify him before tax-
ing the costs. He heard nothing further about the matter
till informed by his client by telephone that an officer was
pressing him to pay the judgment, an execution having been
issued thereon. Immediate steps were taken to open the
judgment. Defendant has a good and substantial defense to
plaintiffs' cause of action. The opposing affidavits were to this
effect: Plaintiffs' attorney, before taking the cause up for
a hearing, called on defendant's attorney to notify him
thereof. Finding him absent, word was left with his law

partner, who promised to inform him. Plaintiffs' attorney
appeared in court at the time to which the aforesaid notice
related, for the purpose of taking up the cause. He waited
one day and part of another for defendant's attorney to ap-
pear and then moved the cause, by permission of the court,
with the result complained of. The cost bill was presented
to the clerk of the circuit court for taxation at the time set
therefor in the notice served upon defendant's attorney. It
was then duly taxed and the amount thereof in due form in-
serted in the judgment. The term of court, at which the
judgment was rendered, remained in session for eleven days
thereafter, and nine days after notice of the taxation of costs
was served upon defendant's attorney.

On the hearing of the motion defendant's attorney offered
to pay plaintiffs' attorney the amount due upon the latter's
claim, exclusive of all costs, being $25.28. He had thereto-
fore satisfied the judgment against the plaintiffs in justice's
court, but had not refunded any part of the costs which the
plaintiffs' attorney paid to perfect his appeal. By the order
setting aside the judgment, leave was granted to plaintiffs
to accept such offer within five days and dismiss the appeal
without further costs, and to thereby prevent a rehearing.
Plaintiffs appealed from the order.

For the appellants there was a brief by *Weed & Van
Doren,* and oral argument by *R. N. Van Doren.*

For the respondent the cause was submitted on the brief
of *J. E. Lehr,* attorney, and *Pierce & Lehr,* of counsel.

MARSHALL, J. While a trial court has broad powers as to
judgments by default, enabling it to relieve a party there-
from for fraud of the one obtaining the judgment, or sur-
prise, mistake or excusable neglect of such party, upon ap-
plication therefor being seasonably made, it cannot properly
act arbitrarily in such a matter. Its action should always be
based upon some legitimate ground, the end in view being

to promote justice along the lines of those remedies for wrongs which the law affords to litigants. In view of that, if the affidavit upon which the order was granted did not indicate some injustice to the moving party, actual or probable, and some reasonable excuse for his failure to be present at the trial of the cause, and for not moving to set the judgment of reversal aside promptly upon his counsel's receiving notice thereof, such order must be held erroneous. *Stilson v. Rankin,* 40 Wis. 527.

We have looked in vain in the record to find that respondent made complaint upon the hearing of the motion, or in his affidavit in support of the same, that the judgment of reversal was itself wrong. The chief ground urged in support of the motion was failure, by reason of the fault of appellants' counsel, to obtain a hearing upon the taxation of costs, and of the excessive amount in fact taxed. That, of course, furnished no ground whatever for vacating the judgment of reversal. The taxation of costs was a mere incidental effect thereof. It was stated in the moving affidavit that respondent had a good defense to appellants' cause of action, but such cause of action was not directly involved. It had not been tried, nor was it triable upon the appeal. The action having been dismissed below without a trial, and the appeal having been taken without any affidavit making a trial possible in the circuit court, the only question presented in the reviewing court was whether the justice properly decided that his jurisdiction terminated by reason of the adjournment.

It very conclusively appears from several circumstances that the mere fact that the justice's judgment was reversed was not the cause of complaint upon which the order complained of was based. Significant of such circumstances is the fact that prior to the reversal respondent endeavored to avoid the effect of the appeal by satisfying the judgment in the justice's court and bringing his action to that end to the attention of the circuit court. Another of such circumstances

is the fact that for nearly two weeks after the reversal was known to respondent's attorney respondent slept upon his rights and made no complaint till after the unsuccessful attempt of his attorney to obtain a hearing before the clerk on the taxation of costs. The attorney testified in support of the motion that he did not know of the judgment till the execution was issued. The only reasonable way, it seems, to reconcile that with other statements in his affidavit is to consider that he did not mean that he had no knowledge of the reversal till informed of the execution, but that he had no knowledge of the taxation of costs and of the perfected judgment till then. His admission that the cost bill was served upon him two days after the reversal and eleven days before he was informed of the execution, in effect admits that he was informed of the reversal at an early date, and that the final act of perfecting the judgment was only delayed by the necessity to first tax the costs. Upon the whole situation we are unable to perceive any excuse stated in the moving affidavits for setting aside the judgment of reversal.

There was some reasonable showing made, upon the motion, for relief from the taxation of costs upon terms. Appellants' attorney was not at fault because respondent's attorney failed to be present when the costs were taxed. He gave due notice of the time when such cost bill would be presented to the clerk for consideration. He appeared before the clerk, pursuant to such notice, and the costs were regularly taxed. The failure of defendant's attorney to be present was wholly his own fault. True, he testified that he called at the clerk's office and requested the clerk to notify him of the proceedings to tax the costs before completing the same, and that he relied upon receiving such notice, but it does not appear that the clerk agreed to give such notice, nor, if he did, that appellants' attorney was concerned in the matter in any way whatever. The only legitimate objection to the costs as taxed is the inclusion therein of that part of the

judgment rendered by the justice, not paid by the appellants in order to perfect the appeal. The excess did not amount to more than reasonable terms for setting aside the taxation. It probably did not exceed $10. The right of respondent upon the one hand was therefore equitably offset by appellants' right upon the other. In other words, if the trial court had allowed the judgment for costs to stand as the same were taxed, no injustice would have been inflicted upon respondent.

If we were to waive all other questions, that of whether respondent was prejudiced by reason of his attorney's failure to be present in court upon the hearing of the cause would have to be ruled against him. The justice's judgment was clearly erroneous. That was apparent upon the most casual inspection of his return. It was rendered, evidently, upon the theory that jurisdiction was lost by adjourning the cause a second time without compliance with sec. 3631, Stats. 1898, requiring an affidavit setting forth the particular matters specified therein. Such section, however, does not apply strictly to a case where a second adjournment is rendered necessary by the formation of an issue after the first adjournment, as was done in this case. That is governed by subd. 11, sec. 3626, Stats. 1898, which provides that if an amendment be made after the joining of issue, or answer be made after adjournment, and it be made to appear to the satisfaction of the court by oath that an adjournment is necessary to the adverse party, in consequence of such amendment, an adjournment will be granted. It will be observed that such provision does not require any particular matter to be stated as a prerequisite to adjournment. It simply requires that the necessity for the adjournment shall be made to appear by oath to the satisfaction of the justice. That being done, the justice not only has authority to grant the necessary adjournment, but it is his judicial duty to do so. The docket entries in this case show that upon the amended answer being filed,

satisfactory cause upon oath was shown for an adjournment. The justice so adjudicated. He then had no other course to pursue than the one which he did pursue.

The conclusion from the foregoing is that there was no merit in respondent's application to set the judgment of reversal aside in any view of the matter. The most that could reasonably have been claimed was a new taxation of costs. Since, as before indicated, the excessive amount of costs taxed was no more than what might have been properly imposed as a condition of granting relief from the taxation, there was no good reason for granting defendant any substantial relief at all. The order setting aside the judgment *in toto* without terms, and compelling appellants, who were guilty of no injustice to respondent, to surrender entirely their legal right to a reversal of the justice's judgment, and to costs upon the appeal, and to accept the amount due them according to their complaint filed in justice's court, or submit to a rehearing upon the appeal, seems to have been wholly unjustifiable. The order must be reversed.

*By the Court.*—The order appealed from is reversed, and the cause remanded with directions to enter an order reinstating the judgment of reversal.