Mash, Respondent, vs. Bloom, Appellant.

*November 16—December 12, 1905.*

*Parties: Cancellation of conveyance to husband: Dower and homestead rights of wife.*

1. One whose rights cannot be prejudicially affected by the judgment in an action has no absolute right to be made a party.
2. In an action to cancel the deed and recover possession of land conveyed by plaintiff to defendant in consideration of an agree-

ment that he and his wife would live on the premises and care for plaintiff, defendant's wife is not an indispensable party, though a proper one.

3. A judgment for the relief prayed in such action could not, if defendant's wife was not a party, affect her inchoate right of dower or homestead, nor conclude her from asserting such rights after her husband's death.

4. During the husband's life he is the absolute owner and possessor of the homestead.    Our statutes merely impose a limitation upon his right to convey or incumber it, and do not create a concurrent estate or possession in the wife.

APPEAL from an order of the circuit court for Dane county: E. RAY STEVENS, Circuit Judge. *Affirmed.*

Plaintiff, *Rebecca M. Mash,* commenced an action against George F. Bloom, sole defendant, alleging her old age and needs, also ownership of two houses on the respective halves of lot 5, block 153, in Madison, the conveyance of one of the houses and the northeast half of the lot to the defendant, George F. Bloom, upon the sole consideration of the agreement, expressed therein, that he and his wife should reside on the granted premises and help take care of and nurse the plaintiff and administer to her natural wants, as good, loving, affectionate, and kind children would do for a parent, during her natural life.    Further, that the defendant and his wife have wholly failed and refused to perform such consideration, and have substituted the reverse conduct, except perhaps that they have continued to live in the house.    The complaint declares plaintiff's election to rescind said deed.    The prayer was for the cancellation of the deed, the restoration of the real estate to the plaintiff freed from all the rights of the defendant, for general relief, and that the defendant and his family be excluded, and that plaintiff recover for the use and occupation of the real estate after the commencement of the suit.

Thereafter, *Sarah Bloom,* wife of George F. Bloom, presented a petition setting forth the commencement of such action, asserting claims and interests in said premises as the

wife of Bloom, that the agreement was that she should have an interest, and that she claims inchoate right of dower and a homestead right, and that it is necessary to the protection of her rights in respect to said property that she be made defendant, and that she is willing to be bound by the judgment in that case. The petition contained no suggestion of any denial of the allegations of the complaint, or the existence of any other defense to the action. Upon such petition and the complaint she moved to be made a party defendant. Upon such application and certain affidavits for the plaintiff showing that no contract existed except the deed above mentioned, the court made an order denying such application, from which *Sarah Bloom* appeals.

For the appellant there were briefs by *Tenney, Hall & Tenney,* and oral argument by *F. W. Hall.*

*Frank E. Parkinson,* for the respondent.

DODGE, J. Affirmance of the order appealed from is of course, for appellant made no denial of the breaches of condition alleged in the complaint, nor any showing against plaintiff's right to the judgment demanded. One whose rights cannot be prejudicially affected by the judgment has no absolute right to be made a party. *Field v. Heckman,* 118 Wis. 461, 95 N. W. 377. Nor can this court reverse action of the circuit court which does not "affect the substantial rights" of appellant. Sec. 2829, Stats. 1898.

Inasmuch, however, as it is possible that this defect might be cured upon a new application, we proceed to consider the question whether, assuming that appellant might be able to negative the allegations of the complaint, her presence to the action would be so indispensable that she must be joined. Indispensable parties are those who have "an interest of such a nature that a final decree cannot be made without either affecting that interest or leaving the controversy in such a condition that its final termination may be wholly inconsistent

with equity and good conscience." An illustration is *Castle v. Madison,* 113 Wis. 346, 89 N. W. 156, where the lowering of a dam as prayed in the complaint would necessarily injure the property of those not made parties and would subject the city of Madison to suits by them for damages. Another excellent illustration is *Carney v. Gleissner,* 62 Wis. 493, 22 N. W. 735, an action of replevin against the husband for property which the wife claimed to own and to have placed in the custody of her husband as agent, and where judgment giving the possession of the property to the plaintiff would of course deprive her of it. Another class of parties, called by the supreme court of the United States "necessary, but not indispensable," and by other authorities "proper, but not necessary," are described as those "having an interest in the controversy, and who ought to be made parties, in order that the court may act on that rule which requires it to decide on and finally determine the entire controversy, and do complete justice by adjusting all the rights involved in it. . These parties are commonly termed necessary parties; but if their interests are separable from those of the parties before the court, so that the court can proceed to a decree and do complete and final justice without affecting other persons not before the court, the latter are not indispensable parties." *California v. Southern Pac. Co.* 157 U. S. 229, 15 Sup. Ct. 591; 15 Ency. Pl. & Pr. 653; *Castle v. Madison, supra.*

A decree in this action canceling the deed as against the husband and ordering him to deliver possession to plaintiff, in absence of appellant as a party, could not affect her inchoate right of dower or homestead, nor conclude her from asserting such rights after her husband's death. *Madigan v. Walsh,* 22 Wis. 501; *Foster v. Hickox,* 38 Wis. 408, 412. Such judgment, therefore, would in no wise affect any rights which she may have in the premises, unless she has some legal right of possession which would be disturbed by giving the possession over to the plaintiff. She has, however, no right

of possession, unless, as suggested, because the premises are occupied as a homestead. While there are some remarks in certain cases suggesting the idea that husband and wife occupy his homestead by mutual right, that conception has been absolutely repudiated in the thoroughly well-considered case of *Godfrey v. Thornton,* 46 Wis. 677, 1 N. W. 362, followed by *Town v. Gensch,* 101 Wis. 445, 76 N. W. 1096, 77 N. W. 893; *Beranek v. Beranek,* 113 Wis. 272, 89 N. W. 146. During the husband's life he is the absolute owner and possessor of the homestead, and the effect of our statutes is no more than to impose a limitation upon his right to convey or incumber it, but in no wise to create a concurrent estate or possession in the wife.

The conclusion is irresistible that the court could grant the complete relief demanded in this action against the husband without concluding or prejudicing any legal rights of the appellant and without subjecting the defendant to any liability to her or others which would make enforcement of the decree against him inequitable, unless such others were concluded thereby, as in *Castle v. Madison, supra.* Hence appellant is not an indispensable party, although a proper one, whom plaintiff, if she chose, might join in order to conclude appellant in the event that she outlived her husband. This conclusion has support from decisions upon analogous situations. *Foster v. Hickox,* 38 Wis. 408; *Carroll v. Fethers,* 82 Wis. 67, 51 N. W. 1128; *Swihart v. Harless,* 93 Wis. 211, 67 N. W. 413; *Hunt v. McDonald,* 124 Wis. 82, 102 N. W. 318; *Edwards v. Richards,* 95 Ga. 655, 22 S. E. 690; *Silberberg v. Pearson,* 75 Tex. 287, 12 S. W. 850. The case of *Weston v. Weston,* 46 Wis. 130, 49 N. W. 834, is entirely distinguished by the fact that there the wife had a personal right of possession by virtue of a divorce judgment.

*By the Court.*—Order appealed from is affirmed.