Prochnow and wife, Appellants, vs. Northwestern Iron Company, Respondent.

*February 6—March 17, 1914.*

*Appealable orders: Amendment of pleading: Parties: Husband and wife: Action for nuisance damaging husband's realty.*

1. An order permitting an answer to be amended so as to set up the statute of limitations and also a plea in abatement, is not appealable.

2. An order in such case sustaining the plea in abatement and dismissing the complaint as to one of the plaintiffs is appealable, but an appeal therefrom does not bring up for review the order permitting the answer to be amended.

3. A wife is not a proper party plaintiff in an action by her husband to recover damages for and to abate a nuisance affecting his real property in which she has no separate estate, even though such real property is his homestead.

4. The fact that money advanced by the wife to her husband went into the property is immaterial in such case, where no trust resulted in her favor and the whole title remains in the husband.

WINSLOW, C. J., and MARSHALL and VINJE, JJ., dissent.

APPEAL from orders of the circuit court for Dodge county: MARTIN L. LUECK, Circuit Judge. *Dismissed as to one order; the other affirmed.*

This action was brought by the plaintiffs *Gustav Prochnow* and *Matilda Prochnow,* his wife, to recover damages for the maintenance of an alleged nuisance and to abate the same. The action was commenced September 16, 1911. October 10, 1911, the defendant answered. Afterwards on motion the defendant was permitted to amend its answer by setting up a defense of the statutes of limitation, and also a separate defense by way of answer in abatement as against the plaintiff *Matilda Prochnow* as a supplemental answer. The issue by way of answer in abatement was afterwards heard and the answer sustained by the court, and an order made accordingly. The plaintiffs appealed from the two orders, namely,

(a) the order allowing the amendment setting up the statutes of limitation and answer in abatement; and (b) the order sustaining the answer in abatement.

For the appellants there was a brief signed by *J. E. & J. F. Malone,* and oral argument by *F. L. McNamara.*

For the respondent the cause was submitted on the brief of *Flanders, Bottum, Fawsett & Bottum,* attorneys, and *Paul O. Husting,* of counsel.

KERWIN, J.  1. Counsel for appellants contend that the court should not have allowed the amendment setting up the statutes of limitation, nor the amendment setting up the answer in abatement as to plaintiff *Matilda Prochnow,* and argue the question under this head to considerable extent in their brief.  We are, however, precluded from considering the error assigned under this head for the reason that the first order is not appealable.  Sec. 3069, Stats., provides what orders may be carried by appeal to the supreme court, and the order in question does not come within any provision of this statute.

The answer in abatement set up facts to the effect that the plaintiff *Matilda Prochnow* was not a proper party plaintiff, and upon the trial of this issue the court ordered that the plea in abatement be sustained, and that the complaint, in so far as any cause of action or claim for damages was attempted to be stated therein in favor of the plaintiff *Matilda Prochnow,* be dismissed, and that she be dismissed from said action as a party thereto, but without prejudice to the right of the plaintiff *Gustav Prochnow* to proceed in the action as plaintiff.  This latter order is appealable, but the appeal from such order does not bring up for review the first order referred to.  *Gross C. Co. v. Milwaukee,* 148 Wis. 72, 134 N. W. 139; *Gorsegner v. Burnham,* 142 Wis. 486, 125 N. W. 914; *Linden L. Co. v. Milwaukee E. R. & L. Co.* 107 Wis. 493, 83 N. W. 851; *Breed v. Ketchum,* 51 Wis. 164, 7 N.

W. 550; *Wis. R. E. Co. v. Milwaukee,* 151 Wis. 198, 138
N. W. 642. It is clear from the statute referred to and the
decisions of this court that the first order mentioned is not
before us for review, hence its merits cannot be considered.

2. The issue on the answer in abatement was tried before
the court and a bill of exceptions settled on appeal. The
court below found on sufficient evidence that the plaintiff
*Matilda Prochnow* never had any right, title, or interest in
the real estate described in the complaint, except such right,
title, or interest as she might have by virtue of being wife of
the plaintiff *Gustav Prochnow,* and that said *Matilda Proch-
now* had no separate estate in said real estate described or
otherwise, and was in no way affected by the alleged nui-
sance referred to in the complaint. Upon these facts, sup-
ported by the evidence, it is clear that she was not a proper
party plaintiff in this action. At common law the wife is
not a proper party to an action for damages to her husband's
realty or personal property. Our statute, sec. 2345, does not
make her a proper party in this action. It gives her the
right to sue in her own name in actions relating to her sep-
arate property or business, or to sue for an injury to her per-
son or character, or for the alienation and loss of the affec-
tion and society of her husband, and also in other respects
mentioned in secs. 2343 and 2344, which do not touch the in-
stant case. The case at bar does not come within any of the
statutory provisions permitting a married woman to sue; nor
does the fact that the real estate in question is the homestead
of the plaintiff *Gustav Prochnow* confer any right upon the
plaintiff *Matilda Prochnow* to join with her husband in this
suit. *Mash v. Bloom,* 126 Wis. 385, 105 N. W. 831; *Town
v. Gensch,* 101 Wis. 445, 76 N. W. 1096, 77 N. W. 893;
*Beranek v. Beranek,* 113 Wis. 272, 89 N. W. 146. The case
of *Hufnagel v. Mount Vernon,* 49 Hun, 286, 1 N. Y. Supp.
787, is in point on the proposition under consideration to the
effect that a wife is not a proper party plaintiff in an action

by the husband to recover damages to real property by the alleged maintenance of a nuisance. This court has held that the wife is an improper party plaintiff with her husband in an action to set aside a conveyance of their homestead on the ground that the same was induced by fraud. *Read v. Sang,* 21 Wis. 678. The present action to recover damages for and to abate the nuisance is an action at law. *Remington v. Foster,* 42 Wis. 608. It is based on ownership of the property injured. Wood, Nuisances (3d ed.) § 495; *Kavanagh v. Barber,* 131 N. Y. 211, 30 N. E. 235.

The ownership and possession of the real estate being in the plaintiff *Gustav Prochnow,* the right of action was in him exclusively. *Kavanagh v. Barber, supra; Hufnagel v. Mount Vernon,* 49 Hun, 286, 1 N. Y. Supp. 787. We think it clear upon principle and authority that the wife was an improper party plaintiff in the present action, therefore the court below was right in sustaining the answer in abatement and dismissing the plaintiff *Matilda Prochnow* from the case. It is true there is a class of cases where the wife is a proper party where necessary in an action to protect her dower interest, but such cases have no bearing here. *Madigan v. Walsh,* 22 Wis. 501, holds that an inchoate right of dower is such an interest in land as will enable the wife to maintain an action to remove a cloud fraudulently attempted to be created upon it.

Counsel for appellant refers us to *Hausmann Bros. Mfg. Co. v. Kempfert,* 93 Wis. 587, 67 N. W. 1136, and *Huntzicker v. Crocker,* 135 Wis. 38, 115 N. W. 340. In the former case it was simply held that the wife was a proper, if not a necessary, party in an action to foreclose a mechanic's lien, even though the premises were not the homestead, and even though her inchoate right of dower could not be divested in such action. In the *Huntzicker Case* it was held that an inchoate right of dower is such an incumbrance on land as will entitle its owner to maintain an action to remove a cloud thereon

under sec. 3186, Stats. It is obvious that neither of these cases reaches the question before us.

It is further contended that $500 or $600 of *Matilda Prochnow's* money went into the land in question, hence she has an interest therein. This contention is without merit, even if it be true that she advanced money to her husband which money went into the property. The whole title to the property still remains in *Gustav Prochnow,* and upon the established facts in this case no trust results in favor of *Matilda Prochnow. Friedrich v. Huth,* 155 Wis. 196, 144 N. W. 202. It follows that the appeal must be dismissed as to the first order appealed from, and that the second order must be affirmed.

*By the Court.*—The appeal is dismissed as to the first order, and the second order appealed from is affirmed.

VINJE, J., dissents.

The following opinions were filed April 17, 1914:

·WINSLOW, C. J. (*dissenting*). To my mind it is very plain that the court has fallen into error in this case.

The opinion of the court denominates the present action as an action at law to recover damages for, and procure the abatement of, a nuisance which injures the value of real estate owned by the husband alone. If this were the fact I might perhaps have no quarrel with the result reached. As matter of fact, however, the complaint contains all the allegations necessary to set forth an action in equity under the provisions of the latter part of sec. 3180 of the Statutes to enjoin the continuance of a nuisance consisting of noises and noxious smells produced by defendant's furnaces by night and day, which, as alleged, render the homestead of the parties unfit for habitation and seriously impair the health and comfort of the parties. True, there are also allegations of injury to the

value of the homestead, which, it appears, is owned by the husband alone. These allegations, however, ought not in reason to be held to fix the character of the action as one purely at law, but rather they should be considered as merely incidental to the equitable relief sought by way of prevention of the constantly recurring noises and smells which are impairing the health and comfort of the parties. To sum the whole matter up, it may be said that all the allegations are here present necessary to state a complete cause of action in equity in favor of the wife for the enjoining of a constantly recurring nuisance which is affecting her health and for which she has no remedy at law. When did it come to be the law that a married woman may not bring such an action? When did it come to be the law that the court will be industrious to narrow the allegations of the complaint in order to make it a complaint in an action at law to which one of the plaintiffs would not be a proper party, when it contains every allegation essential to a perfectly good complaint in equity in favor of both plaintiffs? When these questions are satisfactorily answered, I shall perhaps be prepared to agree with the result reached here, but not before.

MARSHALL, J. (*dissenting*). I unite with the Chief Justice and Justice VINJE in dissenting in this case. I think the reasoning in the court's opinion violates the basic principles of our jurisprudence, that "there is no wrong without a remedy." It violates one of the most vital principles of the Code that "All persons having an interest in the subject of the action and in obtaining the relief demanded may be joined as plaintiffs, except as otherwise provided by law." Sec. 2602, Stats. It violates one of the crowning features of the Code that "In the construction of a pleading for the purpose of determining its effect its allegations shall be liberally construed, with a view to substantial justice between the parties." Sec. 2668, Stats.

I think that to condemn the complaint as to *Mrs. Prochnow* because it does not show that she has any interest in the subject of the litigation, is to take a peculiarly technical view of the wrong complained of,—one which does violence to common-law rules, saying nothing about the broad liberal rules of our statutory system.

Why say, in effect, that the subject of the action is the real estate and *Mrs. Prochnow* has no interest therein,—the whole is in her husband ? Technically such is the legal title but to all intents and purposes the home is community property. It cannot be sold or incumbered in any way without a conveyance of some sort executed by husband and wife. It is her home just as much as it is his. She has just as much interest in preserving its habitable quality as he. If there is any difference it is in her favor. Therefore the doctrine that only a person interested in the real estate can maintain an action for an injury thereto, it will be seen, has no application in favor of the defendant when the real nature of the action is appreciated.

It rather shocks one's sense of justice to face a decision that a married woman has no such interest in the realty, which is partly hers for all practical purposes because it is the homestead of herself and husband, which will enable her to prosecute to prevent a violation of her right to enjoy it. True this court at quite an early day held that a married woman's estate in the home is solely prospective and depends on the disability of the husband to deal with it without her consent, evidenced by her deed. I apprehend that if the court had to deal with the matter unhampered by precedent it would give a far greater dignity to her right. That is well indicated in *Town v. Gensch,* 101 Wis. 445, 449, 76 N. W. 1096, 77 N. W. 893; but to go to the length of holding that she cannot protect her right of enjoyment against acts detrimental to her right of personal security and immunity from undue annoyances, is

to extend the doctrine which in *Town v. Gensch,* it was said, would not be done.

Some justification of the decision is made upon the ground that an action for a nuisance as affecting real estate is an action at law. But has not this court said over and over again and does not the Code declare that there is no distinction in our system between actions at law and actions in equity, except as to mode of trial? True an action for damages for a nuisance is an action requiring a jury trial unless the right thereto is waived; but that only applies where the primary relief sought is damages. Such is not the case now. The primary right here which has been violated is that of enjoyment of the home under normally habitable conditions, and the primary relief sought is prevention of further invasion thereof. The claim for damages is purely incidental.

The whole reasoning of the court seems to be faulty in that it treats the subject of the action as real estate; while the real subject is the security and use of the real estate for a home. The violated right is as much that of *Mrs. Prochnow* as of her husband.

The foregoing would seem in striking contrast with the decision of the court if the citations of authority there were not examined. When examined it will be seen that some of them do not deal with the question here and others support this dissent. *Mash v. Bloom,* 126 Wis. 385, 105 N. W. 831, was not an action to protect the homestead right. It was an action against a married woman to vacate a deed under which the homestead was acquired, and it was said that the wife, though a proper, was not a necessary party, because a judgment against her alone would not be conclusive as to any widow's right which she might at some time in the future acquire. It is easy to see how variant that is from an action to prevent impairment of the present habitability of a home. *Hunt v. McDonald,* 124 Wis. 82, 102 N. W. 318, is to the

same effect. *Town v. Gensch,* 101 Wis. 445, 76 N. W. 1096, 77 N. W. 893, involved the validity of a deed of a homestead which was not signed by the wife. The question decided does not seem to bear even remotely on the case here. In *Hufnagel v. Mount Vernon,* 49 Hun, 286, 1 N. Y. Supp. 787, where it was said the whole right was in the husband, the claim in controversy was for damages for an injury to the realty. The gist of the action was the damages. Here, as said before, the gist of the action is the safe, continued habitability of the home. No damages are claimed except as incidental to the primary right to injunctive relief.

It seems that the court proceeded from an entirely wrong standpoint in rendering the decision. I cannot think it was not appreciated that the key to the logic in support of the result is that the action is for damages to the realty as the primary thing, while the dominant idea, in fact, throughout the complaint was preventive relief and the prayer was in harmony therewith. The court, or the writer of the opinion, must have been misled by decisions under sec. 3180 prior to the amendment of 1882. As that formerly stood the remedy in equity for a nuisance was abolished; but it was restored by the amendment, as its language clearly indicates and as this court has held. *Stadler v. Grieben,* 61 Wis. 500, 505, 21 N. W. 629. In that case the court decided, according to elementary principles, and the spirit of the statute that an action to abate a wrong injurious to health and comfort is just as legitimate as one injurious to property, saying, in effect, it is well settled that the law gives to every person protection against every substantial injury. Let the injury be tangible, or the discomfort perceptible to the senses of ordinary people . . . and an action accrues, either in law or in equity to remedy the wrong. That has been repeatedly approved in actions such as this, all being treated as equitable interferences. *McCann v. Strang,* 97 Wis. 551, 72 N. W. 1117; *Middlestadt v. Waupaca S. & P. Co.* 93 Wis. 1, 66 N. W.

713; *Rogers v. John Week L. Co.* 117 Wis. 5, 93 N. W. 821. *McCann v. Strang, supra,* was precisely like this case. Husband and wife joined as plaintiffs. That having been several times referred to, doubtless was followed by the pleader in this case.

I apprehend that this court will not be content to long rest under the imputation of having put injuries to mere property above injuries to health and comfort, particularly the health and comfort of married women and their families. There is no such infirmity in the law. The present result is an infirmity in administration, not in the law. No court has more significantly than ours vindicated the maxim "There is no wrong without a remedy." Can it be consistent with that to hold that a married woman suffers no remediable wrong by her home being rendered uninhabitable and her health and comfort jeopardized because, forsooth, she has no legal title to the property?

The very reference I have made to the sources of the court's logic, I think, plainly exhibits and refutes the error of it. We may freely concede that a person who has no present interest of a strictly legal nature in realty cannot maintain an action for damages to the property by the maintenance of a nuisance as was held in *Kavanagh v. Barber,* 131 N. Y. 211, 30 N. E. 235, and is laid down as elementary in 2 Wood on Nuisances (3d ed.) § 832a. We may also concede that courts, at times, have confused that with the question of whether an action will lie for equitable relief against a nuisance, and that is particularly true where the old remedy for relief in equity has been abolished. But it is all a matter of administration. This court has not, before, lapsed into such confusion as is evidenced by the cases cited, particularly *McCann v. Strang.* Courts of equity are not bound by precedents. Where there has been a tendency to administer the law in equity, as if the court were in a straight-jacket, so to speak, wrought out for it by precedents, the modern effort

has been to avoid it and assert the most perfect independence of precedents where they would otherwise bar the way to justice. As to the particular subject, doubtless the legislature in amending sec. 3180 of the Statutes intended to afford the fullest and amplest remedy in equity for violated rights of the sort in question.